WILLIAM FOWLDS v. A. L. EVANS and Others.[1]

April 25, 1895.

No. 9100.

**Findings Sustained.**

Evidence *held* to. justify the findings.

**Harmless Error.**

When the competent evidence is such as to require the findings made, the admission of other and incompetent evidence is error without prejudice.

Action in the district court for Pope county against A. L. Evans, Duluth, Huron & Denver Railroad Company, and others to recover from defendant Evans for work and labor performed in the construction of the railway of defendant company, and to have the amount adjudged due declared a lien on the railway, and for foreclosure of such lien. Evans was the general contractor for the construction of the railway and plaintiff was subcontractor under Evans. The case was tried before Brown, J., who ordered judgment that plaintiff recover of defendant Evans $44,629.71, with interest from November 23, 1887, and decreed the.same to be a lien, and for foreclosure, as prayed for by·plaintiff. From a judgment entered in pursuance thereof, defendant railroad company appealed. Affirmed.

*Davenport & Thian,* for appellant.

*Hunt & Morrill,* for respondent.

MITCHELL, J. For the facts reference may be had to the decision on the former appeal. 52 Minn. 551, 54 N. W. 743.

On the second trial there was really no dispute but that plaintiff, as subcontractor under Evans, in fact performed the work, in the construction of defendant railway company's road, for which he seeks to recover; that.it was done to the satisfaction and acceptance of the railway company's engineer, and that such engineer furnished to one Wilson, as the agent of Evans, certificates of the quality and quantity of the work in the form provided for in the contract between plaintiff and Evans, which made the furnishing of

[1] Reported in 63 N. W. 102.

such certificates a condition of payment for the work done. But the railway company denied that Wilson was the agent or representative of Evans, and hence claimed that furnishing the certificates to Wilson was not a performance of this condition of the contract, and the only question litigated on the trial seems to have been whether Wilson was the agent of Evans. As the provision for furnishing the engineer's certificates was for the benefit of Evans, and as he is not objecting, the defense of the railway company is, in one view, purely technical; but, as it is sought to hold its property liable for Evans' debt, we apprehend that the railway company can avail itself of any defense which Evans might interpose. The trial court found that plaintiff did furnish Evans the certificates required by the contract. Assuming that this finding was made upon the theory that Wilson was Evans' agent, the evidence was certainly ample to justify it, under the rule laid down in the decision of the former appeal. This would be decisive of the case, except for the fact that the trial court admitted one item of incompetent evidence, viz. a paper filed by Wilson, after the work was completed, in which he claimed a lien on the railroad for his services as Evans' agent. This was the mere declaration of Wilson, and was clearly incompetent as proof of his agency, and its admission was error. If, however, the competent evidence was such as to require the finding, then the admission of this incompetent evidence was error without prejudice. After an examination of the entire record, we are satisfied that the force and effect of the evidence was such as to admit of no other reasonable conclusion than that Wilson was Evans' agent, and was recognized and treated as such by all parties, including Evans himself. In arriving at this conclusion, we have not overlooked the testimony of the witness Caldwell. But it was so evasive and vague, and in some respects so improbable, and so in conflict with his evidence on the former trial, that it can hardly be considered as materially impairing the force of the other evidence in the case.

There is another ground upon which we think the case might be affirmed. The railway company can avail itself of plaintiff's failure to furnish those certificates only because Evans might have availed himself of such a defense. Inasmuch as such failure could not prejudice the railway company, therefore, if Evans had waived the furnishing of the certificates, the railway company could not assert the

failure to furnish them as a defense. An unconditional promise on the part of Evans after the work was completed, and with knowledge of all the facts, would constitute such a waiver on his part. The uncontradicted evidence is that some considerable time after the work was completed Evans did promise to pay plaintiff if he obtained the bonds of the railway company in payment of his contract. As we understand the evidence, he did receive the bonds. But, at any rate, the reference to the receipt of the bonds had reference merely to his ability to pay, and was not intended to attach any condition to the admission of his liability.

Order affirmed.