WILLIAM F. HUNT v. TIMOTHY REARDON.[1]

December 2, 1904.

Nos. 14,095—(110).

**Stockholder in Bank.**

> The findings of the court considered, and *held* that the ultimate facts found justify the conclusion of law, and the evidentiary facts are not inconsistent therewith.

Action in the district court for Ramsey county by plaintiff, as receiver of Allemannia Bank, to recover from defendant as the holder of forty eight and a half shares of the stock of that bank of the par value of $4,850, an assessment of one hundred per cent. of such par value levied by said court pursuant to the provisions of Laws 1899, c. 272. The case was tried before Bunn, J., who found in favor of plaintiff for the sum of $2,675 and interest, being the amount of the assessment less $2,175 paid by defendant on account of his liability as such stock-

[1] Reported in 101 N. W. 606.

holder. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*C. D. & Thos. D. O'Brien,* for appellant.

*James E. Trask,* for respondent.

LEWIS, J.

Action to enforce stockholder's liability. It is charged in the complaint that defendant was the owner of forty eight and a half shares of the capital stock of the Allemannia Bank, insolvent, of St. Paul; that thirty three and a half shares were issued to him in his own name; and that the remaining fifteen shares were issued to his wife, Ellen Reardon, for the purpose of concealing the identity of defendant, the real owner. The answer admitted the issuing of the fifteen shares of stock to Mrs. Ellen Reardon, but denied that it was for the purpose of concealing defendant's identity, and denied that defendant was or ever had been the owner thereof. The trial court found:

> September 29, 1893, defendant was, ever since has been, and is now the owner and holder of forty eight and a half shares of the capital stock of said Allemannia Bank, of the par value of $4,850. Of forty eight and a half shares of stock so owned by defendant, thirty three and a half shares were issued to defendant in his own name, and were at all times and are so held and owned by him. The remaining fifteen shares were procured by defendant to be issued and were issued in a certificate in the name of Ellen Reardon, defendant's wife, September 28, 1893, and have ever since stood and now stand on the books of said bank in the name of said Ellen Reardon.

It is further found that defendant paid for the stock, and had the fifteen shares issued in the name of his wife without her authority, knowledge, or consent; that she never ratified the purchase, never had a certificate in her possession, repudiated the purchase in her name, and refused to accept the stock as soon as she learned of the purchase; that defendant had no intention to defraud or conceal his ownership of the stock by having it issued in the name of his wife, but intended the purchase to be a gift for her benefit. It is further found that, upon her refusal to accept the stock, defendant took no steps and made no

effort to return the stock or to rescind the purchase, and, on the contrary, has ever since remained in possession of the certificate of stock, and further that defendant was, and ever since September 28, 1893, has been, the owner of the fifteen shares of stock so issued in the name of his wife. As a conclusion of law, defendant was held to be the owner of the entire forty eight and a half shares of stock, and judgment was ordered for plaintiff for the amount of the par value of the stock, less that part of the assessment which had been paid. From an order denying a motion for a new trial, defendant appealed, and the only error assigned is:

> The court erred in its conclusion of law that, upon the facts found, defendant was liable on these fifteen shares of stock.

Appellant submits that the evidentiary facts set forth in detail in the findings of the court do not warrant the inference that defendant was the owner of the stock; that it appears from the findings, when considered in detail, that the fifteen shares standing in the name of the wife constituted an original subscription of the capital stock, and that having been subscribed for in the name of the wife, and she having repudiated the gift and refused to accept the stock, the title thereto never passed from the bank—at least, defendant never acquired title; that payment by defendant does not in itself constitute a contract of subscription or purchase of the stock by him, unless it was paid with the intention of becoming a member of the corporation, and unless the corporation received it with such intention.

We do not think the findings of fact are susceptible of this construction. It is stated distinctly that September 29 defendant became, and ever since has been, the owner of the entire number of forty eight and a half shares of stock, and, of this amount, had caused fifteen shares to be issued in the name of his wife. This is followed up by another finding that after she discovered the fact she repudiated the gift and refused to accept the stock, and that defendant took no steps and made no efforts either to rescind the purchase or return the stock, but continued to retain possession thereof. This, in effect, holds that defendant purchased the entire number of shares of stock, and caused fifteen shares thereof to be issued in his wife's name, intending it as a gift; but, when she refused to accept it, he continued to own it, al-

though the title thereto on the books of the bank stood in the name of the wife. There is a distinct finding that defendant became the owner in the first instance. There is no finding that the purchase was conditional or that it might be repudiated; and, further, defendant, by his subsequent conduct, treated the stock as his own.

We are unable to find anything in the facts set forth which is in conflict with the ultimate fact that defendant was the owner of the fifteen shares, but if the evidence were ambiguous, and not clearly susceptible of the construction we have placed on it, reference may be had to the record to determine whether the fifteen shares were in fact an original subscription and purchase by Mrs. Reardon through her husband, as agent. From the evidence it appears that the fifteen shares referred to were originally a part of a previous certificate held by defendant, which had been surrendered, and the new certificate for that amount issued in the name of his wife. This effectually disposes of the argument, if there were any doubt about it, that the original subscription of fifteen shares was made by the wife.

Order affirmed.