## DANIEL FISH v. CHARLES L. CHASE and Another.[1]

June 2, 1911.

Nos. 17,006—(135).

**Complaint states a cause of action.**

Complaint construed, and *held* to state a cause of action against defendant Charles L. Chase for the collection of an assessment on stock owned by him,

[1] Reported in 131 N. W. 631.

and to recover from him the amount unpaid on the stock when issued, and that Myrtle Chase was made a party defendant to determine her interest in the stock which stood in her name.

**Joinder of actions.**

An action to recover an assessment on the capital stock of an insolvent corporation may be joined with an action to recover the amount remaining unpaid on the stock when issued.

**Same.**

The statute which requires that, when causes of action are joined they shall affect all parties to the action, is complied with, although the parties are not equally affected.

Action in the district court for Hennepin county by the receiver of the T. M. Roberts Co-operative Supply Company to recover the par value of certain stock. From orders, Hale, J., overruling defendants' separate demurrers to the complaint, they appealed separately. Affirmed.

*Robert S. Kolliner,* for appellants.
*Daniel Fish,* pro se.

LEWIS, J.

Action by the plaintiff, as receiver of the T. M. Roberts Co-operative Supply Company, to recover the amount of an assessment on the stock of defendant Charles L. Chase, and also to recover the amount of the par value of the stock, which it is alleged had never been paid. Defendant Charles L. Chase demurred to the complaint, upon the ground that several causes of action were united improperly, and upon the ground that the facts stated do not constitute a cause of action.

The complaint states the following facts as the first cause of action: About March 9, 1906, Mr. Chase became the owner of fifty shares of the common stock, and a certificate for that number was issued to him. In September, 1906, he surrendered that certificate, and caused forty-nine of the fifty shares to be issued in a new certificate to his wife, defendant Myrtle Chase, and one share to himself. About March, 1906, Mr. Chase became the owner of

fifty shares of preferred stock, which was taken out in four certificates in the name of Mrs. Chase. All of this stock was paid for by him and belonged to him, but was taken out and held in her name for the purpose of evading liability incident to ownership. Mrs. Chase paid nothing for the stock but consented to allow the same to stand in her name for such fraudulent purpose. In October, 1909, Mr. Chase became the owner of twelve shares of common stock, issued to him and still standing in his own name. As a second cause of action, the complaint states that all of the common stock referred to was unlawfully and gratuitously issued to Mr. Chase, and that nothing was paid therefor, and that the sum of $6,200 was due thereon.

1. Although there are some unnecessary statements as to the fraud practised by Mrs. Chase, and judgment is demanded against her in both causes of action for the full amount claimed as due on the stock held in her name, we are quite clear that, fairly construed, Mrs. Chase was made a party merely for the purpose of determining her rights to the stock standing in her name. The theory of the complaint is that all of the stock belongs to Mr. Chase, and the conclusions stated in the complaint as to her liability, or the prayer for judgment, are not controlling. If any judgment is entered in this action, it must be to enforce collection of the amount due upon the stock as the property of Mr. Chase; and if it shall turn out that any part of the stock belongs in fact to Mrs. Chase, her liability, if any, cannot be enforced in this action.

2. Since this was the theory of the complaint, the causes of action were properly united. The subject of this action is the stock. At the time the common stock was issued, he gave no consideration for it; and hence he was indebted to the company for the par value. By section 3181, R. L. 1905, the receiver is authorized to maintain this action to recover the amount unpaid on those shares. At the time the shares were issued to him, he also became subject to a possible assessment in case of the insolvency of the company. The stock was the basis of his relations with the company, and the subject-matter of each cause of action. It is not material that the assessment is termed the constitutional liability and enforceable by

an action at law, and that the other is founded on tort. Causes of action ex delicto and ex contractu may be joined, if they arise out of the same transaction, connected with the same subject of action. That the relief may be partly legal and partly equitable is not decisive. The manifest design of the statute is to avoid the multiplicity of suits, by enabling parties to settle in one action all their differences arising out of and relating to the same transaction. See 2 Dunnell, Minn. Digest, § 7500.

3. Since Mrs. Chase was made a party defendant only for the purpose of determining whether Mr. Chase was the owner of the stock in her name, and since the two causes of action were properly united, it is of no consequence that a part of the stock involved in each cause is not in her name. She is a party defendant in each cause, and the statute is complied with which requires that the united causes shall affect all parties to the action. It is not necessary that the parties be affected to the same degree.

Affirmed.