# C. A. BOYD v. NELS BRUCE.[1]

April 24, 1925.

No. 24,505.

**Decision of court in sequestration proceeding that stockholders are not exempt from constitutional liability binding on them in actions by receiver to collect assessments.**
  1. In a sequestration proceeding the court in making the assessment determines that the corporation is not one, the stockholders of which are exempt from liability under the Constitution; and such determination is binding upon the stockholders in subsequent actions by the receiver to collect assessments.

**Finding of ownership of stock sustained.**
  2. The finding of the court that the defendant transferred stock to another as his agent for purposes of sale, and that he continued to be the real owner, is sustained by the evidence; and in such case his liability as stockholder continued.

**Evidence properly in the case.**
  3. Evidence was "received subject to rejection." No motion was made afterwards to strike. Such evidence was in the case without error.

  1. See Corporations, 14 C. J. pp. 1070, 1071, § 1664.
  2. See Corporations, 14 C. J. p. 1020, § 1582.
  3. See Trial, 38 Cyc. p. 1402.

Action transferred to the district court for Hennepin county to enforce payment of stockholder's liability. The case was tried before Salmon, J., who ordered judgment in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*W. T. Coe,* for appellant.

*Orr, Stark & Kidder,* for respondent.

DIBELL, J.

Action in the Hennepin district court by the plaintiff Clarence A. Boyd, as receiver of the Elite Pastry Company, appointed by the

[1]Reported in 203 N. W. 456.

Ramsey district court in a sequestration proceeding, to recover an assessment against the defendant Nels Bruce, a stockholder. There were findings and judgment for the plaintiff. The defendant appeals from the judgment.

1. The defendant claims that the Pastry Company was a manufacturing corporation within the Constitution. The sequestration proceeding in Ramsey county was under G. S. 1923, §§ 8025-8027; G. S. 1913, §§ 6645-6647. In making the assessment the court determined that the character of the corporation was such that its stock was assessable—that is, that it was not within the meaning of the Constitution a manufacturing corporation stockholders of which are exempt from liability; and its determination is binding in actions brought by the receiver to recover assessments. Farwell, Ozmun, Kirk & Co. v. Goodhue County Co-op. Co. 160 Minn. 64, 199 N. W. 436, and cases cited. Incidentally it may be said that the corporation was authorized to engage in several lines of business not manufacturing within the meaning of the Constitution.

2. The court finds that about March 1, 1920, the defendant purported to transfer 39 shares of stock to one Drope; that the transfer did not in fact take place until many months later; and that the transfer was made to Drope as selling agent and that the defendant continued to be the owner. The evidence sustains the finding, and so the defendant's liability continued. Fish v. Chase, 114 Minn. 460, 131 N. W. 631; Hunt v. Reardon, 93 Minn. 375, 101 N. W. 606.

3. Testimony of the defendant and some others taken before the referee in bankruptcy was offered either by way of admission or as impeachment. It was "received subject to rejection." We construe the ruling to admit the evidence subject to a motion to strike, just as if admitted subject to objection. No motion to strike was made and the evidence is in without error. Albert Dickinson Co. v. District Court, 139 Minn. 30, 165 N. W. 478 and cases cited. Dunnel, Minn. Dig. § 9737, and cases.

The defendant makes two other points which need no more than mention. The time of accrual of some of the corporate debts, even if shown in a proper way, is immaterial under the finding that

the defendant continued to be the owner of the stock though transferred on the books to his agent. That it is unnecessary to exhaust the full amount of his stock liability, if the fact be so, is not important here. The Ramsey district court, which has jurisdiction of the sequestration proceeding, will attend to that. Farwell, Ozmun, Kirk & Co. v. Goodhue County Co-op. Co. 160 Minn. 64, 199 N. W. 436.

Judgment affirmed.