DENNIS CURRAN *vs.* COUNTY OF SIBLEY.

November 10, 1891.

Drainage of Wet Lands — Notice of Hearing of Petition — Jurisdiction of County Board.—The notice required by Laws 1887, c. 97, § 8, to be given by the auditor, of the time set for the hearing of the petition for the construction of a ditch and of the report of the viewers thereon, is jurisdictional, and without it the board of county commissioners has no power to proceed.

Same—Publication of Notice.—The publication of the notice for 3 weeks, or 21 days, must be fully completed before the day fixed for the hearing.

Plaintiff brought this action in the district court for Sibley county praying that a pretended lien of $413.52 charged upon his land by the county board for part of the cost of constructing a ditch, be adjudged void for want of jurisdiction of the board in the particulars considered in the opinion. The action was tried by *Baxter*, J., (acting for the judge of the 8th district,) who ordered judgment for plaintiff, which was entered, and the defendant appealed.

*W. H. Leeman*, for appellant.

*F. R. Allen*, for respondent.

MITCHELL, J. The proceedings, the validity of which are here involved, purported to have been had under the provisions of chapter 97, Laws 1887. Section 8 of this act provides that, on the report of the viewers being filed, the county auditor shall "cause a notice to be given by publication for three successive weeks in a newspaper printed and published in said county, and by posting printed copies thereof in three public places in each township where the proposed work (ditch) is located, and one at the door of the court-house in said county, of the pendency of said petition, and of the time set for the hearing thereof." The proceedings being *in invitum*, and in the exercise of the right of eminent domain and of the power of taxation, all the provisions of the statute going to the jurisdiction of the board of county commissioners must be strictly complied with. This notice is of that character, and without it the board has no jurisdiction to proceed. The principal object of it is to give persons whose lands

will be affected an opportunity to be heard as to the utility of the proposed ditch, and as to amount of damages to which they are entitled, and the amount of benefits which should be assessed against their property. On December 7, 1888, the county auditor issued a notice stating that the petition would be heard by the board of county commissioners at their next session, commencing on the 1st day of January, 1889. This notice was published in a newspaper three times, the first publication being on December 14th, and a copy thereof was, on December 18th, posted at the court-house, and in one of the towns where the proposed ditch was located, but not in the other. On January 1st the commissioners took no action whatever relative to the petition or the report of the viewers, although they were in session that day, but on January 8th the petition and report for the first time came on for hearing, at which time the hearing was postponed until March 16th, at which last date the petition and report were acted upon, "and the report accepted."

Clearly, no such notice of the hearing was given as required by the statute, and therefore all the subsequent proceedings of the board were void for want of jurisdiction. It is not questioned but that the statute requires publication of the notice for 3 calendar weeks, or 21 days, before the day set for the hearing; but it is urged that, as the commissioners did not in fact act upon the matter until January 8th, which was more than 21 days after the first publication, therefore the notice was sufficient. This position is manifestly untenable. Assuming what does not appear, viz., that the session on January 8th was a continuation of the same meeting of the board which commenced on January 1st, and also assuming that the board would not have lost jurisdiction from the mere fact that there was no adjournment of the hearing from January 1st to January 8th, yet the publication of the notice must have been completed before the day fixed therein for the hearing, which, in this case, must be held to be January 1st.

There is nothing in the point that plaintiff's only remedy was by appeal from the order of the commissioners. Had the board acquired jurisdiction by due publication of the notice, and merely erred in determining any of the matters submitted to their decision, it

would undoubtedly be true that their decision could not be attacked collaterally, and that the only remedy of parties aggrieved would be by appeal as provided in section 11. But here they never acquired jurisdiction.

To the suggestion that, as this is in the nature of an equitable action, to have the assessments against plaintiff's land adjudged void and no lien, the court ought not to have granted the relief, except upon condition that plaintiff pay the amount "justly charged against his property," (by which we suppose is meant what he ought equitably to pay for benefits derived from the construction of the ditch,) it is enough to say that no basis for such relief is laid in either the pleadings or the facts found.

Judgment affirmed.