DENNIS CURRAN *vs.* BOARD OF COUNTY COMMISSIONERS OF SIBLEY COUNTY.

Argued Jan. 18, 1894.	Reversed Feb. 6, 1894.

No. 8568.

**Condemnation proceeding held valid.**

Where the county commissioners have laid out and constructed a public ditch, under Laws 1887, ch. 97, in good faith, but have failed to condemn the easement for the ditch by reason of irregularities and omissions in the proceedings, and an owner of land benefited by such ditch obtains a judgment against such county commissioners restraining them from

collecting a tax issued against such land for such benefits, this does not prevent the commissioners from proceeding anew under the curative act provided by Laws 1893, ch. 152, to recondemn such easement, and reassess a tax on such land for such benefits.

**Irregularities not presumed.**

When the subject-matter is within the jurisdiction of a public body or board, defects and irregularities will not be presumed in favor of a party attacking its proceedings, but must be alleged and proved.

**Complaint states no cause of action.**

*Held*, that the complaint in this case does not state a cause of action.

Appeal by defendant, the Board of County Commissioners of the County of Sibley, from an order of the District Court of that county, *Francis Cadwell,* J., entered September 18, 1893, overruling its demurrer to the complaint.

The plaintiff, Dennis Curran, brought this action to enjoin the defendant from collecting $168.30 assessed against his land, under Laws 1893, ch. 152, for a ditch dug through it in 1889, in attempted compliance with Laws 1887, ch. 97. The first assessment made in 1889 was held invalid. *Curran* v. *County of Sibley,* 47 Minn. 313. The defendant demurred to the complaint but was overruled and it appeals from the order.

*E. H. Huebner* and *Bramhall & Taylor,* for appellant.

The legislature may adopt and sanction an improvement or expenditure which it could previously have authorized, and it may authorize an assessment for an improvement after the improvement is made. *Lennon* v. *Mayor. &c., of N. Y.,* 55 N. Y. 361; *In re Sackett, D. & De G. Streets,* 74 N. Y. 95; *State ex rel.* v. *Newark,* 34 N. J. Law 236; *Howell* v. *City of Buffalo,* 37 N. Y. 267; *City of Emporia* v. *Bates,* 16 Kans. 495; *Mills* v. *Charleton,* 29 Wis. 400.

A reassessment under legislative authority may be made notwithstanding a final decree of the court enjoining the municipal authorities from collecting the first or original assessment. *In re Van Antwerp,* 56 N. Y. 261; *Butler* v. *City of Toledo,* 5 Ohio St. 225; *Dill* v. *Roberts,* 30 Wis. 179; *Brevoort* v. *City of Detroit,* 24 Mich. 322; *In re Commissioners of Elizabeth,* 49 N. J. Law 488; *Brown* v. *Mayor,* 63 N. Y. 239; *Hasbrouck* v. *City of Milwaukee,* 21 Wis. 217;

*City of St. Paul* v. *Mullen,* 27 Minn. 78; *Bowen* v. *City of Minneapolis,* 47 Minn. 115.

Such reassessment made under legislative authority does not nullify or render inoperative the judgment of the court setting aside the original assessment.

*F. R. Allen,* for respondent, cited *Town of Lyle* v. *Chicago, M. & St. P. Ry. Co.,* 55 Minn. 223; *Langford* v. *Commissioners of Ramsey County,* 16 Minn. 375; *Kimball* v. *Town of Rosendale,* 42 Wis. 407; *Butler* v. *Supervisors of Saginaw Co.,* 26 Mich. 22; *State ex rel.* v. *Town of Union,* 33 N. J. Law, 350; *Stuart* v. *Palmer,* 74 N. Y. 183.

CANTY, J. This is an appeal from an order overruling a demurrer to the complaint, which prays for an injunction restraining the defendant from collecting a special tax assessed under Laws 1893, ch. 152, to pay for the cost of a public ditch constructed under void proceedings attempted to be instituted and conducted under Laws 1887, ch. 97. Said chapter 97 provides that persons who may be in certain ways interested shall, if they desire to, post notices in three of the most public places in each town through which the ditch is to be constructed that they will at a specified time petition the county commissioners to lay out such ditch; that upon the petitioners presenting such petition to such county commissioners at such time, and giving a certain bond for the cost of the proceedings, the county commissioners may proceed to hear the matter and appoint viewers to lay out the ditch, make the proper measurements and estimates of the cost of the same, a detailed statement of the lands that will be damaged and the lands that will be benefited and the amounts of such damages and benefits, and file a report of the same with the county auditor, who shall thereupon give notice that at a certain time the county commissioners will act on such report; that such notice shall be posted a certain length of time before such hearing in three public places in each town through which such ditch is to run; that on such hearing the county commissioners may confirm such report, order such damages paid out of the county treasury, and such benefits assessed as a special tax on the land so benefited.

The complaint alleges that in July, 1888, a petition was so pre-

sented to the county commissioners of Sibley county for such a ditch; that they proceeded under this law to lay out the same, and all the proceedings above provided were had, except that the first notice so required was not posted in either of the two towns through which the ditch was to run, and that the last notice so required was posted in only one of the towns, and alleges other irregularities as to the service of notice; that the ditch was laid out and constructed across plaintiff's land, and a tax of $413.52 assessed against his land for benefit to it by reason of such ditch; that thereupon he commenced an action against said defendant in the District Court of that county to restrain the collection of that tax, and such proceedings were thereupon had that on the 16th day of May, 1891, it was therein adjudged that said tax was null and void, and that said defendant had never acquired jurisdiction to make the order locating and establishing said ditch. See *Curran* v. *County of Sibley*, 47 Minn. 313, (50 N. W. 237,) affirming the same.

After this, Laws 1893, ch. 152, was passed. It is a curative act, intended to reach just such cases as this. The attorneys for both parties and the court below seem to have fallen into the error that it provides a remedy only for the reassessment of the tax for such benefits, but provides no way to condemn over again the right of way for the purpose of procuring title to the ditch. We think that it clearly does. Section 1 provides that when any board of county commissioners "shall have caused or shall hereafter cause to be constructed" such a ditch under proceedings in attempted compliance with said chapter 97, "and an assessment to be made therefor, which shall have been or shall hereafter be set aside or declared void by any court for noncompliance with any of the provisions of said act," the county commissioners shall prepare in tabular form a preliminary statement, giving, etc.,—*Fourth*, the number of acres in each of said tracts by them deemed benefited or damaged thereby; *Fifth*, the amount that each of said tracts in their judgment is benefited or damaged thereby.

Section 4 provides that, after making such preliminary statement, the board shall fix a time and place for hearing, and shall cause the county auditor to give notice to be published two weeks in a newspaper and posted for ten days in a public place in each town through which the ditch passes.

Section 5 provides that on the hearing the board may "raise, allow, or alter the amount of any and all damages and benefits as fixed in said preliminary statement," and make an order confirming the same; and the county auditor shall publish once a notice thereof in the same paper in which the notice provided in section 1 was published.

Section 6 provides for appeals from either the award of damages or benefits to the District Court.

Sections 8–11 provide for.the assessment of the tax on the lands so benefited if no appeals are taken, or after the appeals are determined; and sections 12 and 13 provide for the payment of the compensation or damages so ascertained out of the county treasury, and that the payment of the same shall be held to be a just and full compensation for "lands damaged by the condemnation of all lands and rights taken for such construction and the maintenance of such ditch."

It seems to us that this curative act is a very complete code of procedure.

The complaint proceeds to allege that the board of county commissioners, on the 1st day of May, 1893, commenced proceedings under this act, and on the 5th day of May filed a so-called "preliminary statement," purporting to show the reassessment of each tract of land affected by the construction of said ditch for the benefits and damages in the location and establishment of the same, and, among others, assessed the above-described land of this plaintiff for the digging and construction of said ditch to the amount of $168.30. He alleges that this was done without any notice to him or others interested.

The statute provides for no notice before making out this preliminary statement, which is merely a petition or complaint on which the new proceedings are commenced. Section 5 provides that a notice of hearing shall be given after this statement or petition is filed, but the complaint does not allege that it was not given, though it alleges such a hearing was had on the 21st of May, and that the board filed their order of confirmation on the 1st day of June, 1893. The complaint alleges the subsequent steps necessary under this curative act to reassess this tax on plaintiff's land, and alleges it was so reassessed on the final.hearing at the sum of

$168.30, and prays that it be adjudged void, and defendants be restrained from collecting it. He attempts to allege no other defect, omission, or irregularity in the new proceedings, except as above set forth; and it must be presumed that they are regular until the contrary appears. He does not allege that the board did not also proceed to ascertain the amount of damages to be paid in condemning the ditch, or that they did not take all the proper steps as to the same, or pay the same as provided in said sections 12 and 13 of said chapter 152; and it must be presumed that they did.

The plaintiff's attorney does not claim that there are any defects in these new proceedings, but that all the defects in the original proceedings still exist, and have not been cured, by implication or otherwise, by the act of 1893. It is true the act in itself does not cure them, but it seems to us that the recondemnation which this court must presume was made under the new act does have that effect. The ditch, as originally built, was a trespass, though built in good faith, for the reason that the proceedings were void. If it is claimed that for this reason the Legislature has no power to pass a law providing that proceedings *de novo* shall be had giving the owner trespassed against a proper opportunity to be heard, and condemning, not the ditch built, but an easement therefor, and allowing proper compensation for such easement, and thus saving the ditch to the public, then we are not of that opinion, but hold the Legislature has such power.

It is also well settled that the judgment setting aside the old proceedings, and restraining further action under them, does not affect such new proceedings.

The Legislature had a right to decide that ditches so built in good faith under such void proceedings are a public benefit, and should be saved to the public, or they might delegate to the board of county commissioners the power to decide that question. By the law of 1893 they have clearly done one or the other. We are of the opinion that the complaint states no cause of action, and that the order overruling the demurrer should be reversed.

So ordered.

(Opinion published 57 N. W. Rep. 1070.)