ANDREW LAGER v. COUNTY OF SIBLEY and Another.[1]

January 25, 1907.

Nos. 14,968—(168).

**County Ditch.**

` In proceedings to lay out and establish a ditch, under the provisions of chapter 230, p. 303, Laws 1905, the board of county commissioners are limited in their final order establishing the ditch to the description thereof as set forth in the petition, subject to such reasonable departures in the course, distance, and terminals as are necessary to render the improvement of practical utility.

**Extension of Seven Miles.**

An extension of a proposed ditch for the distance of seven miles beyond the terminus named in the petition is unauthorized.

Appeal by defendants from a judgment of the district court for Sibley county, entered pursuant to the findings and order of Morrison, J. Affirmed.

*Chas. W. Quandt* and *Francis Cadwell,* for appellant.

*W. H. Leeman,* for respondent.

BROWN, J.

The facts in this case, briefly stated, are as follows: A petition for the establishment of a public ditch, under the provisions of chapter 230, p. 303, Laws 1905, was presented by certain property owners to the board of county commissioners of Sibley county on September 15, 1905. The proceedings leading up to the presentation of the petition appear to have been in all things regular, and pursuant to its prayer the board of commissioners duly appointed a civil engineer to locate, plat, and survey the proposed ditch, and make report thereof, in accordance with the provisions of the statute above cited. The ditch, as described in the petition, commenced at the middle branch of Rush river, in that county, and extended for a distance of about four miles, terminating in Mud Lake, a meandered body of water, located in section 7, township 112, range 129. The engineer's survey disclosed the fact that to render the proposed ditch of any practical

[1]Reported in 110 N. W. 355.

utility it was necessary to pass through the lake and extend it to an outlet seven miles beyond. Upon the report being made disclosing this condition of things, the board of commissioners caused proper notice to be given and published, as required by law, fixing a time and place of hearing thereon. At the appointed time the board duly considered the matter, and made a final order establishing the ditch substantially in accordance with the prayer of the petition, with the extension reported by the engineer as essential to its utility. The plaintiff in this action owns land abutting the proposed extension, and he was assessed as benefits for the construction of the same the sum of $1,425. A controversy arose as to the validity of the action of the board, and it was submitted to the court upon an agreed statement of facts, under and pursuant to section 4286, R. L. 1905. It was contended by plaintiff in the court below, and again in this court, that the act of the board in extending the ditch seven miles beyond the terminal fixed by the petition, namely, Mud Lake, was wholly unauthorized and void, and that defendants should be restrained and enjoined from further proceedings looking to its construction. The trial court sustained this view, judgment was entered accordingly, and defendants appealed.

We are of opinion that the trial court correctly disposed of the case. Proceedings of this character, laying out and establishing public ditches, are purely statutory, and the various provisions of the statutes regulating and controlling the same must be strictly complied with. Curran v. Sibley County, 47 Minn. 313, 50 N. W. 237. The ditch petitioned for was four miles long, terminating at a meandered lake; but the board extended it seven miles beyond, for the reason that the surplus water flowing into the lake from the ditch would cause an overflow of its banks and damage the property of riparian owners, and that the extension was necessary in order to prevent this, as well as to accomplish the object of the improvement. It is insisted by defendants that this extension was authorized by statute. In this we are unable to concur.

Chapter 230, p. 303, Laws 1905, under which the proceedings were had, provides in general terms that in locating a ditch, drain, or water course, as provided by other sections of the statute, the engineer shall not depart from the terminal points described in the petition, except

in cases where there is not sufficient fall in the length of the ditch described in the petition to drain adjacent lands, or when for other reasons it appears to the engineer expedient. In either case the ditch may be shortened or extended from the terminus named in the petition far enough reasonably to effectuate the purpose for which the ditch was intended. We are unable to construe this as authorizing an extension of seven miles. It could not have been the purpose or intention of the legislature to grant so large a discretion to the engineer, or to the board of commissioners acting upon his report. While it is apparent that the legislature intended to vest in the engineer considerable latitude respecting changes in the course of the ditch, and as to terminal points, reasonable departures only were intended to be authorized. State v. Thompson, 46 Minn. 302, 48 N. W. 1111; Rutledge v. Drainage Commissioners, 16 Ill. App. 655; cases cited in 60 L. R. A. 187, in note to State v. Board of Co. Com'rs of Polk County, 87 Minn. 325, 92 N. W. 216. If a ditch, as proposed in the petition, cannot be constructed so as to serve as a drain of adjacent lands, without an extension thereof to the extent shown in this case, the proceeding should be dismissed, and a new one instituted covering the entire distance, to the end that all property owners may have equal opportunity of hearing.

This disposes of the appeal, and it is unnecessary to discuss other features of the case presented in the briefs and on the oral argument.

Judgment affirmed.