## CYNTHIA GOURD v. COUNTY OF MORRISON.[1]

### June 21, 1912.

### Nos. 17,632—(224).

**Rulings on evidence — record on appeal.**

Where evidence is admitted subject to a future ruling as to its admissibility, the objecting party must renew his objection at the proper time and secure a ruling, and the record on appeal must show how the question was finally disposed of.

**Objections to rulings — review in this court.**

To warrant review by this court of the action of the trial court in admitting evidence, the ruling of the trial court, or its refusal to rule, on

[1] Reported in 136 N. W. 874.

objections to the admissibility of the evidence, either must be excepted to at the trial, or else the point must be assigned as error on a motion for a new trial; such objections not being presentable for the first time by assigning error thereon in this court.

**Reviewable questions on the record.**

The trial court's findings of fact cannot be reviewed by this court, where there is neither a settled case nor a bill of exceptions in the record, and no certificate of the trial court concerning the evidence or the proceedings on the trial; the only question reviewable in such case being whether the findings of fact support the judgment.

**Establishing ditch — records admissible in evidence.**

In an action by a landowner to vacate, and have adjudged void as to him, the proceedings of a county board establishing a drainage ditch, and to vacate the assessment and the tabular statement thereof on file in the office of the register of deeds, and, further, to discharge the plaintiff's lands from the apparent lien created thereby, on the ground that the order laying the ditch was invalid, the files and proceedings in the county auditor's office relating to the establishment of such ditch are admissible in evidence upon the issue of the validity of the establishment thereof and of the assessment therefor.

**Abating ditch — judgment roll admissible.**

In such an action the judgment roll in a prior action by a stranger to this action against this defendant, in which the said ditch was declared illegal and ordered abated, is admissible, if for no other reason, upon the issues as tending to show that the plaintiff will receive no benefit from the said ditch.

**Decision justified by findings.**

Findings in such an action considered, and *held* sufficient to support the judgment rendered for the plaintiff, vacating, as to him, the ditch assessment and tabular statement thereof, and discharging his lands from the apparent lien created thereby.

Action in the district court for Morrison county by the administratrix of the estate of F. R. Gourd, deceased, to vacate certain ditch proceedings, the order of the board of county commissioners establishing County Ditch No. 12, and to remove the cloud on plaintiff's title to certain real estate. Among other matters, the answer alleged that the ditch was actually constructed under the proceedings instituted therefor; that the land of plaintiff was thereby benefited; that the then owner of the land, plaintiff's grantor, lived upon the land,

knew that the ditch was being constructed, was one of the petitioners therefor, and made no protest against its construction until long after the work had been performed, except by protesting to the payment of the ditch assessment. The reply was a denial of the new matter contained in the answer. The case was tried before Taylor, J., who made findings and conclusions of law as stated in the opinion. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

D. M. Cameron, for appellant.

E. P. Adams, for respondent.

PHILIP E. BROWN, J.

This action was brought to vacate and to have adjudged void, as to the plaintiff, the proceedings and order of the county board of Morrison county, establishing county ditch No. 12, and vacating and annulling the ditch assessment and the tabular statement thereof on file and of record in the office of the register of deeds of the said county, as clouds on the plaintiff's title, and to further discharge the lands described in the complaint from the apparent lien created thereby. Subsequently to the determination of the action below, the plaintiff, F. R. Gourd, died, and his administratrix was substituted as such in place of the original plaintiff. The cause was heard by the court without a jury, and findings made in favor of the plaintiff. The defendant moved for a new trial, and the application was denied. Judgment was entered in plaintiff's favor, and this is an appeal therefrom.

The court's findings, which we hold were sustained by the evidence, were in effect as follows:

The original plaintiff was the owner of the lands described in the complaint at all times therein referred to. In April, 1905, certain residents of the county, petitioned the county board to establish a ditch, designated as "County Ditch No. 12, in township 131, range 30," being the same township wherein the plaintiff's said lands were situated. In October, 1905, the board made its order attempting to establish the ditch, and a ditch was constructed. Thereafter, and in

January, 1907, the auditor of the county filed, in due form, with the register of deeds of the county, who forthwith recorded the same in his office, a tabulated list and statement showing the amounts charged against the various tracts of land in the vicinity of the ditch, to defray the expense of its construction, which list included the plaintiff's lands described in the complaint, and the amount therein entered against them for the construction of the drain was, in all, the sum of $985.53. The trial court further found that the description of the ditch in the alleged proceedings for its establishment was so indefinite and uncertain that the ditch could not be located therefrom, and that the county board had no right or authority to establish or construct it.

It was also found: "That on or about the 27th day of November, 1906, an action was begun in the district court in and for said county of Morrison, in which one Ole H. Johnson was plaintiff, and the county of Morrison and others were defendants, which action was for the purpose of enjoining and restraining said defendants from maintaining said ditch No. 12, to abate the same as a nuisance, and to require said county to fill up the same. That such proceedings were thereafter had in said action that a judgment was by said district court duly ordered, and judgment thereon duly entered and docketed on the 27th day of February, 1909, wherein and whereby said Morrison county was enjoined and restrained from maintaining said ditch No. 12, and required and ordered to abate the same;" and that the ground of such decision was the indefiniteness and uncertainty in the description of the ditch in all of the proceedings for its establishment, to the extent that the ditch could not be located therefrom.

The court further found that the ditch was actually constructed and completed pursuant to the above-mentioned proceedings prior to the entry of the judgment in the said Ole Johnson case, and has not yet been filled up and actually abated, except as it may have become obstructed through natural causes. The plaintiff had full knowledge of all the said proceedings concerning the establishment of the ditch, and made no objection thereto, nor to its construction, nor to the assessment therefor, until after the rendition of the judgment in the Johnson case aforesaid. The board, in attempting to establish the ditch and in the construction thereof, believed that it was proceeding

pursuant to law, and all of its acts therein were performed in good faith, in the belief that such were all in accordance with law. The plaintiff, prior to the bringing of this action, petitioned the said county board, setting forth in his petition the facts hereinbefore stated, praying that such board recommend to the state tax commission the abatement of the said ditch tax assessments; but the board have neglected and refused so to do, and the officers of the defendant county, unless the tabular list and statement recorded as above stated be canceled, will each year extend on the tax books of the county against the plaintiff's land one-tenth of the total amount of the said ditch tax, and will proceed to collect the same, and will cause the plaintiff much inconvenience and expense thereby.

The court found as conclusions of law that the plaintiff was entitled to have the ditch assessment and the tabular statement thereof above referred to, and the record thereof, canceled so far as the same affected his said lands, and to have such land discharged from the apparent lien created thereby, and judgment was entered in accordance therewith.

The defendant based its motion for a new trial on the following grounds only: (1) Errors of law occurring at the trial of said action and duly excepted to by this defendant at the trial; (2) because the decision of the court heretofore made and filed in this action is not justified by the evidence and is contrary to law; (3) because the facts as found by the court are not justified by the evidence."

1. Based on the first ground above stated, the defendant assigns error in the admission in evidence of the judgment and judgment roll in the case of Ole Johnson against the defendant county and others, and also of the files and the proceedings in the auditor's office relating to the establishment of ditch No. 12. These assignments are not well taken. It appears that in each instance the court did not pass upon the objection made on the trial, but without objection reserved the ruling as to the admissibility of the evidence complained of, and it does not appear that the court was later either requested to, or that it did, formally pass thereon, and no exception appears to have been

taken to the court's action in the premises. It affirmatively appears from the alleged settled case that error in failing to rule on the defendant's objections, or in the action of the court in practically overruling them as shown by its findings, was not assigned as error in the defendant's motion for a new trial. The rule is that, where evidence is admitted subject to a future ruling as to its admissibility, the objecting party must renew his objection at the proper time and secure a ruling, and the record on appeal must show how the question was finally disposed of. 3 Dunnell, Minn. Dig. § 9737.

Furthermore, to warrant a review here, the ruling of the trial court, or its refusal to rule, on objections to the admissibility of evidence, either must be excepted to at the trial, or the point must be assigned as error on a motion for a new trial; such objections are not presentable for the first time by assigning error thereon here. Stitt v. Rat Portage Lumber Co. 98 Minn. 52, 107 N. W. 824; Naas v. Welter, 92 Minn. 404, 100 N. W. 211. The defendant is really attempting to have a review of rulings on evidence to which no exceptions have been taken. This cannot be done.

2. The defendant challenges certain of the trial court's findings of fact; but there is no settled case or bill of exceptions in the record, and no certificate of the trial court concerning the evidence of the proceedings on the trial. Where, as in this case, the appeal is from a judgment rendered in an action tried to the court, and there is neither a settled case nor a bill of exceptions, the only question which can here be raised is that the court's findings of fact do not support the judgment. Peach v. Reed, 87 Minn. 375, 92 N. W. 229; 1 Dunnell, Minn. Digest, § 345.

But these matters, which are more or less of a technical nature, aside, we hold that there was no error in the admission in evidence of the files in the proceedings to establish ditch No. 12. The question of the regularity and legality of these proceedings was one of the issues in the action, and such files were competent evidence tending to show that no valid ditch, as to this plaintiff, had been laid, and consequently that the assessments entered against the plaintiff's lands to defray their pro rata share of its construction were void.

Neither did the court err in receiving the judgment roll in the Johnson case. It was competent, if for no other reason, upon the issues, as tending to show that the plaintiff would receive no benefit from the ditch.

We have already held that the court's material findings were sustained by the evidence.

3. The only question remaining is: Do the findings of fact support the judgment? We hold that they do.

The theory upon which the validity of assessments against lands for the costs and expenses of constructing ditches depends is the resulting benefit to such lands and the improvement thereof. "In all cases," said Mr. Justice Brown in Lien v. Board, 80 Minn. 58, 63, 82 N. W. 1094, 1096, "where [drain] laws are authorized, the further power and authority to provide for assessing the cost and expense of the improvement against the land benefited follows as a natural result. The power to so assess the cost of the improvements against lands benefited is a necessary and proper incident to the exercise of the power to make the improvement." But such assessments must be confined to lands benefited by the construction of the drain. There is no power to levy assessments for the expense of such construction upon lands which will not be improved thereby.

In the instant case the court found that the ditch was never legally laid, and this finding was compelled under the judgment in Johnson v. County of Morrison, 107 Minn. 87, 119 N. W. 502, where it was held that the same order which is here under consideration was insufficient to establish a ditch. The trial court further found that in the action last mentioned the defendant county had been permanently and finally enjoined from maintaining this ditch and ordered to abate the same. Furthermore, there was neither showing nor finding that the plaintiff was benefited by the drain. The facts found made a prima facie case for the plaintiff, and, nothing further appearing in avoidance thereof, the plaintiff was entitled to relief. Curran v. County of Sibley, 47 Minn. 313, 50 N. W. 237.

The defendant insists that the rules stated in State v. Johnson, 111 Minn. 255, 126 N. W. 1074, require the sustaining of the assessments here involved. The cases are clearly distinguishable. In the

instant case, as stated, the ditch has been adjudged illegal and ordered abated, and the plaintiff's land cannot be held to be benefited thereby. In the Johnson case there was an existing ditch, benefiting the lands precisely the same as if it had been constructed in strict conformity with the statute. The following observations from Curran v. County of Sibley, supra, are equally pertinent here:

"To the suggestion that, as this is in the nature of an equitable action to have the assessments against plaintiff's land adjudged void and no lien, the court ought not to have granted the relief, except upon condition that plaintiff pay the amount justly charged against his property [by which we suppose is meant what he ought equitably to pay for benefits derived from the construction of the ditch], it is enough to say that no basis for such relief is laid in either the pleadings or the facts found."

Judgment affirmed.