STATE EX REL. MATH O. TOSTENGARD V. L. S. NELSON.[1]

April 25, 1919.

No. 21,299.

**Drain — statutory notice not given.**

Final order establishing a drainage project which embraced two previously established drainage systems was annulled, because notice of the final hearing upon the viewers' and engineers' reports was not given as required by statute [Reporter.]

Upon the relation of Math O. Tostengard the supreme court granted its writ of certiorari directed to the Honorable L. S. Nelson, as judge of the

[1]Reported in 171 N. W. 922.

Thirteenth judicial district, to review the final order establishing Judicial Ditch No. 25, in Murray county. Order annulled.

*F. S. Brown* and *E. B. Korns*, for relator.

*Robinson & English*, for respondent.

PER CURIAM.

Certiorari to review the final order establishing drainage project No. 25, in Murray county, embracing two previously established drainage systems. To the writ respondent makes return justifying the establishment of the drainage project petitioned for, but adds that notice of the final hearing upon the viewers' and engineer's reports was not given as the statute requires, and therefore the order now sought to be reviewed must be canceled. Hence, as a matter of course, there must be a reversal here. But the attorneys for both relator and respondent request this court to ignore the fact of the return that no notice was given, and desire us to determine whether section 17, chapter 441, p. 719, Laws 1917, authorizes the formation of two or more drainage districts, having separate drainage basins, into one, or must the authority be limited to cases where the waters accumulated from two or more drainage projects discharge into a common outlet of insufficient capacity to carry the same without inundating adjacent land?

We think any opinion this court, upon the return herein, might express concerning the scope of the section mentioned would be wholly obiter. Furthermore, no notice having been given of the hearing, there may be parties, other than those represented by the attorneys mentioned, whose property rights will be affected by the proposed drainage proceeding and who will be entitled to present their views both as to the law and the facts. In that situation it is manifestly improper to consider the case on its merits.

The order establishing drainage system No. 25, Murray county, is annulled for want of due notice of final hearing, and the proceeding is remanded for further action according to law. No statutory costs will be allowed or taxed in this court.