## COUNTY OF LE SUEUR v. THE GLOBE INDEMNITY COMPANY.[1]

October 14, 1921.

No. 22,483.

**County ditch — time of filing petition.**
　　1. Under our statutes regulating the establishment of county ditches, a petition filed before the county board takes any action, is filed in time.

**Mailing of notice before publication valid.**
　　2. A notice mailed two days before it is published is not void under a statute providing that notice shall be mailed within one week after beginning of the publication.

**Waiver of notice — order prima facie evidence of regularity.**
　　3. Failure to mail notice to landowners affected, as required by statute, may be waived, and, if waived, the proceeding is regular. The order establishing the ditch is prima facie evidence of the regularity of the proceeding.

[1]Reported in 184 N. W. 677.

**Estoppel against surety of contractor.**
> 4. A surety, who obligates himself to secure performance of a contract, is estopped from asserting that the contract was void.

Action in the district court for Le Sueur county to recover $3,304.39, from defendant as surety on the bond of Moffatt & Herrick, damages sustained by the county for nonperformance of their contract for the construction of county ditch No. 38. The facts are fully stated in the opinion. The case was tried before Tifft, J., who made findings and ordered judgment in favor of plaintiff. From an order denying its motion to amend the findings or for a new trial, defendant appealed. Affirmed.

*Allen, Seifert & Allen,* for appellant.
*Charles C. Kolars* and *L. W. Prendergast,* for respondent.

HALLAM, J.

On December 11, 1911, Henry Kritzer and ten others filed with the auditor of Le Sueur county a petition for a public ditch. On December 13 the auditor issued a notice of a hearing upon said petition on January 4, 1912. The petitioner's bond was filed January 4, 1912. On May 13, 1912, the report of the engineer and of viewers having been filed, the auditor gave notice of a final hearing on June 7, 1912. On May 14 the auditor mailed a copy of the notice to one of the landowners affected. On May 16 the publication of the notice was commenced.

There were many landowners affected. Their names appeared in the viewer's report, and the auditor knew their postoffice addresses, but he mailed the notice to but one.

On the hearing, an order establishing the ditch was made. The contract for constructing part of it was let to Moffatt & Herrick. To secure performance of their contract, these parties gave a bond with defendant as surety.

Moffatt & Herrick entered upon the performance of their contract. In April, 1913, they claimed that the proceeding was void, because of failure of the county auditor to mail notice to the property owners affected, and requested that defects in the proceeding be corrected.

On May 7, 1913, the auditor issued notice of a new hearing to be held June 16. This notice was published, posted and mailed. On the hearing, the county board declined to take action and the contractors abandoned their work. This action is brought to recover the damages sustained. The court found for plaintiff. Defendant appealed.

1. Defendant contends that the proceeding is void because the petitioners' bond was not filed before the notice of hearing on the petition was issued. The statute provides that "before the county board shall establish any ditch * * * one or more of such petitioners shall give bond." Chapter 384, § 3, p. 540, Laws 1911. The bond was filed before the county board took any action in the proceeding. The statute was complied with.

2. The statute provides that the auditor shall mail to all persons or corporations whose lands are affected, a "printed copy" of the notice of the hearing upon the petition and reports, within one week after the beginning of the publication of the notice. Defendant contends that the mailing of a notice two days before the publication was a nullity. This slight deviation from the statute seems to us of immaterial consequence. Every purpose of the notice was subserved.

3. Defendant contends that the failure of the auditor to mail notices to numerous landowners affected and whose addresses were well known, vitiated the whole proceeding. We have no doubt that this notice is necessary to bind the interest of the landowner affected. Curran v. County of Sibley, 47 Minn. 313, 50 N. W. 237; Lager v. County of Sibley, 100 Minn. 85, 110 N. W. 355; perhaps it does not vitiate the proceeding as to others. State v. Johnson, 111 Minn. 255, 126 N. W. 1074; State v. Nelson, 136 Minn. 272, 159 N. W. 758, 161 N. W. 576.

But this notice might be waived by the landowners. If all appeared at the hearing, no one could complain of the want of notice and the proceeding would be to all intents and purposes regular. The statute makes the order of the county board establishing the ditch prima facie evidence of the regularity of all the proceedings prior to the making of such order. Laws 1905, p. 336, c. 230, § 48. See Geib v. County of Morrison, 119 Minn. 261, 138 N. W. 24, 9 A.L.R. 839. This prima facie evidence was not rebutted.

4. We are of the opinion also that defendant, having obligated itself to secure performance of the contract of Moffatt & Herrick, is estopped from asserting that the contract was void. Moore v. Mayor, etc., of New York, 73 N. Y. 238, 29 Am. Rep. 134; Love v. Rockwell, 1 Wis. 382; Madison v. Am. Sanitary Engineering Co. 118 Wis. 480, 95 N. W. 1097.

Order affirmed.