# NELSON CONORYEA v. BOARD OF COUNTY COMMISSIONERS OF McLEOD COUNTY AND OTHERS.[1]

December 12, 1924.

No. 24,153.

**Notice to nonresident in county ditch proceeding sufficient.**

If a county auditor, in a county ditch proceeding, mails the statutory notice to a nonresident landowner at the address which he obtains "by inquiring at the county treasurer's office," it is sufficient even though the county treasurer gives the wrong address.

Action in the district court for McLeod county to restrain defendants from letting a contract for the construction of County Ditch No. 36 and for further relief. The case was tried before Tifft, J., who ordered judgment dismissing the action on the merits. From the judgment, plaintiff appealed. Affirmed.

*P. W. Morrison* and *Odell & Fahey,* for appellant.

*C. G. Odquist,* for respondents.

[1] Reported in 201 N. W. 403.

WILSON, C. J.

Appeal from a judgment. In mailing notices to landowners in a public ditch proceeding pursuant to sections 5525 and 5531, G. S. 1913, the county auditor is directed to ascertain addresses "by inquiry at the county treasurer's office." The giving of notice is necessary to confer jurisdiction and bind the landowner affected. County of Le Sueur v. Globe Indemnity Co. 150 Minn. 120, 184 N. W. 677; State v. Nelson, 142 Minn. 494, 171 N. W. 922; State v. Nelson, 136 Minn. 272, 159 N. W. 758, 161 N. W. 576; Lager v. County of Sibley, 100 Minn. 85, 110 N. W. 355; Curran v. County of Sibley, 47 Minn. 313, 50 N. W. 237. Yet the failure to mail the notice to one property owner cannot deprive the county board of jurisdiction. State ex rel. Greibrock v. District Court, 143 Minn. 435, 174 N. W. 312. If the auditor follows the mandate of the statute, he performs his duty. If the treasurer by inadvertence neglects to give the correct address of a nonresident property owner, it does not invalidate the proceeding nor does it result in a failure to acquire jurisdiction. But if the auditor complies with the statutory requirement it is sufficient. He is not answerable for the errors and mistakes of the treasurer. The statute does not demand perfection on the part of the treasurer. In this case appellant's address was given by the treasurer as Silver Lake, Minnesota. He had been informed of the correct address but at the particular time he had forgotten it. The auditor mailed notice to Silver Lake. The other necessary proceedings were regular. This is a proceeding in rem. The court found that the auditor literally performed his duties under the statute and that he gave due notice.

The evidence is ample to sustain the findings and we find no reason for interference.

Affirmed.