MARY M. BITZER *vs.* HARRY BOBO and others.

## June 22, 1888.

Trial—Receiving Evidence "Subject to Objection"—Failure to Move for Ruling.—An assignment of error upon the ground that certain evidence was received will not be considered when it appears that the court postponed, without objection, a decision as to the admissibility of the evidence, and a subsequent ruling was not sought by motion, in accordance with the conditions prescribed by the court.

Election between Inconsistent Remedies—Discontinuance of Former Suit.—One who has sought a legal remedy, but has withdrawn or discontinued the proceeding before any action had been had upon it, is not thereby debarred from seeking a different remedy, based upon a ground not inconsistent with that before taken.

Purchase by Guardian with Ward's Money — Resulting Trust. — A guardian of an infant having purchased real estate chiefly with the money of his ward, he, however, contributing a portion, and having taken the title in his own name, a trust results in respect to the property in favor of the infant, who may claim afterwards, not merely a *lien* as security for the money, but a proportionate share of the estate.

Same—Death of Guardian—Jurisdiction of District Court.—In such a case, the guardian having died, the district court has jurisdiction to declare and enforce the trust by a transfer of the legal title.

Same—Evidence.—Evidence *held* to justify the findings of fact.

Appeal by defendants, the administrator and heirs of Calvin Bobo, deceased, and others, from a judgment of the district court for Hennepin county, where the action was tried by *Hicks,* J.

*Thomas Canty,* for appellants.

*Geo. C. Ripley, C. E. Brennan,* and *S. A. Booth,* for respondent.

Dickinson, J. The plaintiff, the daughter of one Frank Bobo, was an infant under 16 years of age at the time of his death, in 1878. After his death, the above-named Calvin Bobo, since deceased, became her guardian, and as such guardian he received, as is found by the court, $660 from the United States government, being arrears of pension due to the plaintiff's father, and which, he being dead, the plaintiff, as his infant daughter, became entitled to receive. Thereafter, in June, 1880, the guardian, as is found by the court, purchased the lot of land to which this action relates, for the sum of $820, and caused the same to be conveyed to himself. It is further found that to make this purchase the guardian used this money of his ward, together with $160 of his own money; that he did this in good faith, and for the plaintiff's benefit, but took the title in his own name, for the purpose of more conveniently managing the property, or from ignorance of the law. There was a dwelling-house upon this land, which the guardian occupied with his family, including the plaintiff, whom he had received into his family after her father's death, and who thereafter remained, and was treated as, and occupied the position of, a daughter, performing domestic services in the family, and being clothed, maintained, and educated. The court found that the plaintiff's services and the use of the property by the guardian fairly offset any demand for care and maintenance, and further that the care and maintenance of the plaintiff was without expectation of reward. The guardian having died, this action is prosecuted against his heir-at-law, the administrator of his estate, and others, to enforce a resulting trust in the plaintiff's favor in respect to the land. Without here referring particularly to the evidence, we announce our opinion that it justified the findings of fact.

One Thoraldson being interrogated as a witness for the plaintiff, objection was made to his testimony being received, upon the ground that the witness was not competent to testify upon the subject. The

court stated that the testimony would be taken, with the understanding that the rulings should not be permanent, and that he would consider them on a motion to strike out the testimony. The error assigned is not that the court thus postponed its ruling, but that it received this testimony. The unexplained "exception" here noted is not deemed as having been intended to apply to the peculiar form of this ruling, which really postponed the decision as to the admissibility of the testimony until the question should be again raised by motion to strike it out. If intended, as we think it was, as an exception to the receiving of the testimony as evidence in the case, it raises no question of error to be now considered. The defendants should have sought a ruling upon this question by a motion to strike out the testimony, in accordance with the conditions upon which it was received, and to which the defendants do not appear to have objected. We do not intend to indicate our approval of the practice, but the case presents nothing for our decision in this connection.

It is claimed that the plaintiff has lost the right to maintain this action, by reason of having previously elected an inconsistent course in filing a claim in the probate court for the recovery of the money in question from the estate of the deceased guardian. This claim was subsequently withdrawn, and it does not appear that any action was ever taken upon it in the probate court. The claim appears to have been made by the plaintiff's elder sister in her own behalf as well as in that of the plaintiff. It does not otherwise appear that the filing of this claim was in any sense the act of the plaintiff. Nor does it appear that when the claim was filed she knew the facts now alleged, a knowledge of which would be necessary to make the mere filing of the claim operate as an estoppel or waiver. But even if she had filed such a claim with knowledge of the facts, and had withdrawn it before anything more had been done, that would not prevent her maintaining this action. A party is not thus barred from pursuing a different remedy in a second action or proceeding, if by doing so he does not take a position inconsistent with that before taken, and if at least nothing has been done upon the former demand to the prejudice of the adverse party. *Peters* v. *Ballister*, 3 Pick. 495; *Butler* v. *Hildreth*, 5 Met. 49, 51; *Connihan* v. *Thompson*, 111 Mass. 270.

In this action the plaintiff's ground of recovery is not inconsistent with that involved in the assertion of a claim for repayment of the money received by the guardian. In *Butler* v. *Hildreth, supra,* Shaw, C. J., said: "In case where there are two independent and collateral remedies not inconsistent with each other, a party is not barred, by discontinuing one, from commencing a new action on the other. A man may have trespass or replevin for the same goods, but the one right is not repugnant to the other. We do not see why he might not discontinue one and commence the other at any time before he has proceeded to judgment."

The guardian having purchased the property in part with the trust funds of his ward, a trust resulted in her favor, and she became entitled to claim, not merely a lien as security for the money, but a proportionate share of the estate. Bisp. Eq. § 86; 1 Perry, Trusts, § 128; *Oliver* v. *Piatt,* 3 How. 333; *Watson* v. *Thompson,* 12 R. I. 466. How, if at all, the making of improvements upon the estate by the guardian, and, after his death, by his widow, might affect the case, we do not consider, for the trial court has expressed no determination as to the facts, nor were specific findings upon this subject sought.

It is here claimed that the district court had no jurisdiction in the premises, but that the subject was one of which the probate court had exclusive jurisdiction. The constitution declares that the district courts shall have original jurisdiction in all cases, both in law and equity; that probate courts shall have jurisdiction over the estates of deceased persons, and persons under guardianship, but no other jurisdiction except as prescribed by the constitution; and the statutes provide that the latter courts shall have jurisdiction to appoint and remove guardians, to direct and control their conduct, and to settle their accounts. We need not attempt to define the precise extent of the authority of the probate court in this connection. Whatever that may be, it is not, as we consider, ample enough to afford the relief to which the plaintiff is entitled. Nor has the general equitable jurisdiction of the district court been exceeded. The case involves more than a matter of accounting and of administration of a decedent's estate. The judicial power is properly invoked to declare a resulting trust in real property, and to enforce the same by a transfer of the

legal title, which has descended from the deceased guardian to his heirs-at-law. This is peculiarly a matter of equitable cognizance, of which the district court had jurisdiction.

Judgment affirmed.

NOTE. A motion for reargument of this case was denied July 2, 1888.