M. HOGAN v. CARRIE VINJE and Others.[1]

February 6, 1903.

Nos. 13,334—(214).

**Trial before Court—Reception of Evidence.**

It is not necessarily reversible error on the trial of an action without a jury for the trial court to permit the introduction of testimony subject to the objection that it is incompetent and immaterial, reserving the ruling thereon, and the right subsequently to disregard the same if determined to be inadmissible. Whether such course should be pursued on any such trial is a matter resting in the sound discretion of the trial court.

**Evidence.**

Evidence examined, and *held* sufficient to sustain the findings of the trial court.

The probate court for Polk county having made an order admitting to probate the last will of Alexander Moore, deceased, plaintiff, contestant, appealed to the district court for said county. From an order, Searle and Baxter, JJ., affirming the order of the probate court, plaintiff appealed to the supreme court. Affirmed.

[1] Reported in 93 N. W. 523.

*Ole J. Vaule, Reynolds & Roeser* and *J. D. Sullivan,* for appellant.
*Theo. Bruener* and *Geo. W. Stewart,* for respondent.

BROWN, J.

The facts in this case are as follows: Alexander Moore made
and executed in his lifetime his last will and testament, sub-
sequent to which he died, and the will was duly submitted to the
proper probate court for allowance and probate. At the hearing
before the probate court certain heirs of the deceased appeared
and contested the allowance of the will on various grounds, all
of which were abandoned on the subsequent trial in the district
court save two, viz.: (1) That the will proposed for probate and
allowance was subsequent to its execution revoked by the testator
by a subsequent will duly signed, attested, and subscribed, as pro-
vided by statute for the execution of wills; and (2) that the will
proposed for probate was obtained by undue influence. The pro-
bate court made an order admitting the will to probate, from
which the contestants appealed to the district court, where, after
trial without a jury, the order of the probate court was affirmed.
The court found that a subsequent will was not in fact signed or
executed by deceased, and that the proposed will was not procured
by undue influence. From the order denying contestants' motion
for a new trial, an appeal was taken to this court.

The principal question of fact contested in the court below was
whether a second will was executed by the deceased. The court
below received, subject to the objection that it was incompetent
and immaterial, certain evidence on the part of the proponents of
the will, offered for the purpose of showing that, if a second will
was in fact executed, it was subsequently destroyed, with the in-
tention of reviving the first will. It was contended on the trial
that this evidence was wholly incompetent and immaterial. The
court did not rule upon the question at the time, though counsel
insisted that a ruling should be made, but, instead, received the
evidence subject to the objection, with the statement that, if it
was afterwards determined to be inadmissible, it would be strick-
en out. A large number of witnesses were sworn on this branch
of the case, and the evidence of each was taken subject to the same

objection. At the conclusion of the trial the learned trial judges came to the conclusion, and so found, that the evidence offered by contestants to prove the execution of a second will was insufficient to establish the fact, and announced that in the determination of that question the evidence offered by proponents tending to show the destruction of the second will, if one was made, was not taken into consideration, and was thus practically eliminated from the case, though no motion was made by contestants to strike it out.

It is urged in this court that contestants did not have a fair trial of the issues in the court below, by reason of the admission of this evidence; that it tended to prejudice or influence the mind of the court upon the other question; and that a new trial should be granted. It is unnecessary to determine the question as to the admissibility of this testimony, or consider any of the legal propositions discussed in the very able briefs of counsel. The finding that a second will was not in fact executed renders a decision of such questions unnecessary, and we refrain from expressing an opinion thereon.

It is the general practice of trial courts in this state, so far as our information extends, to conduct the trial of court cases, in respect to rulings on the admissibility of evidence, as the trial in the case at bar was conducted. Where evidence offered by either party is objected to, and the court is in doubt as to its admissibility, it is received subject to the objection; the court reserving the right to admit or exclude it by a final ruling made after due reflection and consideration of the question. Whether this practice should be pursued in any particular case rests in the sound practical judgment and discretion of the trial judge, and cannot safely be interfered with by this court. To do so would hamper and unnecessarily interfere with the orderly conduct of the trial of such cases.

Of course, in the trial of cases before a jury the court should exercise great care in receiving evidence subject to objection, for no doubt the minds of the jury might be prejudiced or influenced by improper evidence. But it would be going too far for this court to hold that a trial judge would become prejudiced or unduly influenced by evidence of this character, offered for a particular pur-

pose, and subsequently excluded as not competent or pertinent. If the objections thereto had been erroneously overruled, and the evidence unconditionally received, the error could not have been cured by the mere statement of the trial court that it was not considered in deciding the issues in the case. Farmers Union Ele. Co. v. Syndicate Ins. Co., 40 Minn. 152, 41 N. W. 547. But where not received except conditionally and subject to objection, it may be ignored and disregarded, and no reversible error can be predicated upon its action in so conditionally receiving it, except, perhaps, in a case where its discretion was palpably abused, to the prejudice of the losing party.

If counsel for appellants be correct in their position, it would result in applying to trial judges the rule of implied bias, as in the case of jurors. No juror can sit in the same case the second time; nor can a juror who has heard the evidence in a particular case, and formed an opinion therefrom, be accepted. But this rule has no application to trial judges. If, as urged in the case at bar, the trial judges were influenced in reaching their conclusion by the evidence so received subject to objection, their minds are still affected, and, if the case should be reversed, it would go back to the same court for retrial, and the contestants would be in no better position on the new trial than on the former. It would not do thus to disqualify trial courts. And finally the well known character of the trial judges who heard this case below is such as to preclude the possibility that they were unduly influenced by the evidence complained of, which may be conceded, for the purposes of the case, to have been incompetent.

The second point made by appellants is that the findings of the court below are not sustained by the evidence. It would serve no good purpose, as a precedent or otherwise, to enter into an extended discussion of the evidence tending to show the execution of the second will, and we refrain. Suffice it to say that we have very carefully considered the testimony offered to establish that fact, and reach the conclusion that the findings of the court below cannot be disturbed. If it be conceded that the evidence on this subject was sufficiently clear, certain, and specific, the question as to the truthfulness of the witnesses was for the trial court to

determine. It is possible, as suggested by contestants, that the singular provisions of the will may have a tendency to show undue influence, but no evidence was produced to lead conclusively to that conclusion, in the absence of which we are not authorized to disturb the findings.

The order appealed from is affirmed.