LOUIS K. NAAS and Another v. LESLIE WELTER.[1]

June 24, 1904.

Nos. 13,780—(55).

**Contract.**

A certain executory contract for the sale and delivery of potatoes free on board cars at M. construed. *Held* that, under all the circumstances of the case, such contract was complied with.

**Admissibility of Evidence.**

When the trial court reserves its ruling upon questions involving the admissibility of evidence, and is not subsequently requested to and does not pass upon the objections presented, its admissibility cannot be raised upon appeal. Certain former decisions followed.

Appeal by plaintiffs from an order of the district court for Clay county, Baxter, J., denying a motion for a new trial, after a trial and findings in favor of defendant for $127.88. Affirmed.

*Geo. C. Stiles,* for appellants.

*C. A. Nye,* for respondent.

DOUGLAS, J.

Action by plaintiffs to recover advances made upon an executory contract for the purchase of potatoes. The defendant alleges that he executed his part of said agreement and delivered the potatoes, but that plaintiffs refused to receive them. The trial court found in favor of defendant, and entered judgment for the balance due upon said contract, less the amount received by him upon the sale of such potatoes in the open market. From an order denying their motion for a new trial, plaintiffs appeal.

In December, 1902, plaintiffs purchased of defendant two carloads of potatoes, to be delivered free on board cars at Moorhead, Minnesota, on or before March 20, 1903, at an agreed price of forty cents a bushel, upon which contract plaintiffs advanced $100 as part payment. On March 20, defendant loaded two cars of potatoes at Moorhead, and consigned the same to himself at the business place of plaintiffs, to wit, Minneapolis, and caused the bill of lading to be marked, "Notify

---

[1] Reported in 100 N. W. 211.

Naas Brothers." Prior notice of this shipment was given and received. On being notified of the arrival of the potatoes in Minneapolis, plaintiffs were temporarily denied the privilege of inspection. It appears, however, as a result of communication by wire between the railroad company and defendant, plaintiffs were notified by the former, on the date of the arrival of the potatoes, that inspection would be permitted. It also appears the price of potatoes had greatly declined. On the day the potatoes arrived, plaintiffs refused to accept the same, and, in a telegram, assigned, as their reason for so doing, that defendant had made the consignment to his own order, and they were denied the privilege of inspection. Simultaneously with the sending of the telegram, they brought this suit. The next morning defendant personally tendered a delivery, which was refused, whereupon he sold the potatoes in the open market for the best price obtainable, and the court below credited upon the contract the net amount received therefor.

It is perfectly clear defendant attempted in good faith to comply with his agreement, and tendered a delivery. Plaintiffs, after ample notice, made no objection to the proposed shipment of the potatoes to Minneapolis, and upon their arrival did not refuse to accept them because they were so shipped. They therefore waived a possible right to object to such shipment. We are of the opinion plaintiffs' action in attempting to cancel the agreement referred to, without waiting for a reply to the telegraphic message sent, was arbitrary and unreasonable, and that the court did not err in ordering judgment in favor of defendant for the amount due upon said agreement, less the net amount received by him from the sale of the potatoes in question. The acts of the defendant and his offer to deliver amounted to a compliance on his part with the terms of said agreement. The property was perishable, and, presumably with the knowledge of plaintiffs, he sold the same in the open market, and they were allowed credit therefor. The issues were tried without a jury, and, while the court may have construed the pleadings with extreme liberality, still we are of the opinion material error was not committed, and that the findings of the trial court are sustained by the evidence.

The assignments of error involving the admissibility of certain evidence are not well taken. In each instance the learned trial judge either expressly reserved his ruling as to its admissibility, or did not

pass upon the objection made. Presumably in the latter instance, without expressly so stating, he also reserved his ruling. It does not appear that the court was thereafter requested to or did pass upon the points presented. Under such circumstances, the rule is settled that the admissibility of the evidence is not presented by first assigning error here. Perkins v. Morse, 30 Minn. 11, 13 N. W. 911, 14 N. W. 879; Johanson v. Hoff, 67 Minn. 148, 69 N. W. 705; Hogan v. Vinje, 88 Minn. 499, 93 N. W. 523. However, from a careful inspection, we are of the opinion the evidence presented was not prejudicial to the rights of plaintiffs.

The order appealed from is therefore affirmed.