STATE EX REL. ALBERT DICKINSON COMPANY AND
OTHERS v. DISTRICT COURT OF HENNEPIN COUNTY
AND ANOTHER.[1]

December 14, 1917.

No. 20,737.

**Workmen's Compensation Act — blood poisoning from scratch on hand.**
> The evidence stated in the opinion is *held* sufficient to sustain a find-
> ing that a deceased workman died from blood poisoning as a result
> of an injury arising out of and in the course of his employment.

Upon the relation of Albert Dickinson Company and another the
supreme court granted its writ of certiorari to review the proceedings
in the district Court for Hennepin County, Dickinson, J., under the
Workmen's Compensation Act brought by Mary Cora Rackman, as wid-
ow of Robert G. Rackman, employee, against The Albert Dickinson Com-
pany, employer, and Fidelity & Casualty Company, insurer. Affirmed.

> *Briggs, Thygeson & Everall* and *Charles H. Weyl*, for relators.
> *A. A. Tenner* and *John A. Nordin*, for respondents.

HALLAM, J.

On April 3, 1916, Robert G. Rackman was employed by the Albert
Dickinson Company loading and unloading bags into and from box cars.
He quit at 9:03 p. m. He lived some distance away. It took 20 minutes
or longer to go on a street car from his place of work to his home. He ar-
rived home at about 9:30 p. m. When he arrived home he had a scratch
on one hand. It was about half an inch long and not very deep but the
skin was "torn quite badly" and it had been "bleeding quite badly." He
had wrapped it in a piece of handkerchief. This was bloody. The blood
was hard. Witnesses say it looked as though the scratch was about two
hours old. Deceased had no scratch when he left home in the morning.

[1] Reported in 165 N. W. 478.

Men engaged in his line of work often receive scratches upon their hands, sometimes from nails inside of the cars. Deceased worked April fourth and fifth. On the evening of the fifth his finger was much swollen. Blood poisoning had set in. A doctor was called. Deceased was later removed to a hospital. He died a week later. There is in evidence a copy of a letter, dated April 28, 1916, written by the Dickinson Company to a representative of the Casualty Company in which the company carried insurance, which contains the following: "In regard to the case of Robert I. Rackman, will advise that our Supt., Mr. Brown, interviewed all of the workmen here in the plant, and found only one man that knew anything about R. I. Rackman being injured. We will forward you his signed statement as soon as he returns to work."

The trial court found that the death of deceased resulted from this scratch and that the injury arose out of and in the course of his employment. The principal question in the case is, whether the evidence sustains this finding.

The evidence is quite satisfactory that the blood poisoning and the ensuing death were the result of the scratch. The medical testimony is to that effect and the sequence of events leaves very little doubt on that point.

That the scratch was received while he was engaged in his employment is not so clear. There was no direct evidence that the scratch was so received. We think, however, the evidence is sufficient. The fact that deceased had no scratch when he left home in the morning and had one when he came home from work at night; that he must have come home immediately, for he was home within half an hour of the time he quit work; that the scratch had blood upon it which had hardened, indicating that the scratch had been received earlier than the time he quit work; that it was such a scratch as he was not likely to receive on a trip from his work to his home, and such a scratch as he might well have received while at work, these facts taken in connection with the letter above quoted, which is of some force as an admission, were such that the court might infer that the scratch was received while deceased was in the course of his usual work and that it arose out of it.

Fleet v. B. H. Johnson & Sons, 1913 W. C. & Ins. R. 149, was a similar case and a similar result was reached; Blaess v. Dolph (Mich.) 161 N. W. 885, was not dissimilar.

Some testimony was received "subject to objection." No final ruling on the objection was ever made or requested. The question of the admissibility of this evidence is accordingly not presented by this appeal. Herrick v. Morrill, 37 Minn. 250, 33 N. W. 849, 5 Am. St. 841; Bitzer v. Bobo, 39 Minn. 18, 38 N. W. 609; Stitt v. Rat Portage Lumber Co. 98 Minn. 52, 107 N. W. 824; Gourd v. County of Morrison, 118 Minn. 294, 136 N. W. 874; Grannis v. Hitchcock, 118 Minn. 462, 137 N. W. 186.

Order affirmed.