## ABRAHAM WEISS v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.[1]

July 5, 1929.

No. 27,012.

*Snyder, Gale & Richards,* for appellant.
*Woodlief Thomas,* for respondent.

HILTON, J.

Appeal by defendant from a judgment in municipal court.

Action by beneficiary and claimant to recover $220 for death of his daughter, the insured, under an industrial or weekly premium, nonmedical policy, dated and delivered July 29, 1925. Case was tried to the court without a jury. The answer admitted the death of insured. The policy of insurance was introduced in evidence by plaintiff and received without objection. Plaintiff then rested. The policy contained the following provision:

"This policy shall not take effect unless upon its date the insured shall be alive and in sound health.

[1]Reported in 226 N. W. 516.

"Policy When Void. This policy shall be void: (1) If the insured * * * has attended any hospital, or institution of any kind engaged in the care or cure of human health or disease, or has been attended by any physician, within two years before the date hereof, for any serious disease, complaint or operation; or has had before said date any * * * disease of the heart * * * unless each such * * * medical and hospital attendance and previous disease is specifically waived by an indorsement in the space for indorsements on page 4 hereof signed by the secretary."

During the progress of the trial defendant offered in evidence a certain exhibit, being a certificate of the attending physician, upon which plaintiff had signed the following indorsement: "It is hereby admitted and agreed that this certificate shall be considered as part of the proofs of death under policy * * * in accordance with the conditions thereof." This certificate, made by the attending physician, upon a lengthy blank furnished by the defendant, showed that he had personally known the deceased only since November 30, 1926. She died on December 14, 1926. It gave as a cause of death myocardial insufficiency of unknown duration and that the secondary contributing cause of death was mitral regurgitation and stenosis of unknown duration. He further stated in the certificate, contrary to his previous statement therein, that he had attended her, prior to her last illness, in the years 1921, 1923 and 1924 for cardiac decompensation and that she had been an inmate of or received treatment in the Minneapolis General Hospital in 1921, 1923 and 1924. The reception of this exhibit was objected to by plaintiff as incompetent, irrelevant and immaterial, also as hearsay, and further that defendant was seeking indirectly to put in evidence testimony which it could not put in directly because of the privilege statute of the state. The court received the exhibit subject to the objection with a ruling to be made later. Plaintiff excepted. The court later, on an offer by defendant of certain hospital records in evidence, to which objection was made by plaintiff, stated: "We will take it subject to your objection, and we will submit the whole thing at the end of the trial." Plaintiff then

noted an exception. The court made no rulings whatever on the admissibility of the evidence, nor was any further request made therefor, the case being settled with the record as above indicated. The court made findings of fact and conclusions of law in favor of plaintiff; defendant moved for amended findings and for judgment in its favor. The court denied the motion and ordered judgment, which was entered accordingly. There was no motion for a new trial.

In its findings, the court stated: "That no competent evidence was offered upon the trial of this case by the defendant to prove a violation of any of the terms of said policy * * * [being those hereinbefore quoted]." (Defendant assigns as error this finding of the court.) The record is not in a condition to permit a disturbance of the judgment. The findings indicate that the evidence offered by the defendant and objected to by plaintiff was not considered as competent and was not taken into account by the court in reaching a decision. Manifestly, without that evidence no defense was proved. The court probably used the word "competent" as meaning "admissible." State v. Johnson, 12 Minn. 378, 387 (476), 93 Am. D. 241. It may have been rejected because it was hearsay or because it was violative of the privilege statute. If the evidence referred to was in the case it so remained until and unless there was a ruling excluding it. In that situation it was not incumbent on the defendant to seek any further ruling. If the finding referred to amounted to a ruling excluding it, there was no opportunity at that stage of the proceeding for defendant to enter an exception. Defendant then might have obtained a review by assigning the finding or ruling as error in a motion for a new trial. No motion for a new trial was made. Another course was open to defendant; it might have made proper application to the court for direct rulings on the admissibility of the proffered evidence and, an exception being taken to adverse rulings, secured a proper settled case and then proceeded in the customary way. This was not done.

It is not necessarily reversible error in the trial of an action without a jury for the trial court to permit the introduction of testimony subject to the objection that it is incompetent and im-

material, reserving the ruling thereon, and the right subsequently to disregard the same if determined to be inadmissible. 6 Dunnell, Minn. Dig. (2 ed.) § 9737, and cases cited. "No error in a ruling on the trial, * * * even on a controlling proposition of law, can be reviewed on an appeal from a judgment, if appellant did not take an exception on the trial or in a motion for a new trial." 1 Dunnell, Minn. Dig. (2 ed.) § 388a; Cincinnati T. R. Co. v. Loe, 152 Minn. 374, 188 N. W. 1011. In Hogan v. Vinje, 88 Minn. 499, 93 N. W. 523, and State ex rel. Village of Delano v. G. N. Ry. Co. 114 Minn. 293, 131 N. W. 330, there were motions for a new trial. On the state of the record the matter cannot be reviewed here.

Judgment affirmed.

WILSON, C. J. (concurring).

In this case defendant's "Certificate of Attending Physician at Death" was offered in evidence and was taken subject to plaintiff's objection; the court added: "We will submit the whole thing at the end of the trial." Plaintiff excepted. Defendant never procured a ruling. The court did rule on the hospital records at the close of the trial. The important question relates to whether the certificate is in evidence. I do not think it is.

In Perkins v. Morse, 30 Minn. 11, 14, 13 N. W. 911, 14 N. W. 879, it was held that "received subject to the objection" meant that the court

"took the evidence and the objection *together* under advisement, reserving a decision upon the question of competency for a future time. The evidence was heard upon these terms only, the court being still at liberty to reject it, as it afterwards did, for incompetency. It was not *in* the case, but whether it should be or not depended upon a future ruling upon the objection."

This theory was also adopted in Voak v. National Inv. Co. 51 Minn. 450, 53 N. W. 708.

In Herrick v. Morrill, 37 Minn. 250, 255, 33 N. W. 849, 5 A. S. R. 841, where no ruling was made, the court stated:

"The plaintiff should have requested the court to state in the 'case' how these objections were disposed of."

See also National Inv. Co. v. Schickling, 56 Minn. 283, 57 N. W. 663.

In Bitzer v. Bobo, 39 Minn. 18, 19, 38 N. W. 609, the court stated:

"One Thoraldson being interrogated as a witness for the plaintiff, objection was made to his testimony being received, upon the ground that the witness was not competent to testify upon the subject. The court stated that the testimony would be taken, with the understanding that the rulings should not be permanent, and that he would consider them on a motion to strike out the testimony. The error assigned is not that the court thus postponed its ruling, but that it received this testimony. The unexplained 'exception' here noted is not deemed as having been intended to apply to the peculiar form of this ruling, which really postponed the decision as to the admissibility of the testimony until the question should be again raised by motion to strike it out. If intended, as we think it was, as an exception to the receiving of the testimony as evidence in the case, it raises no question of error to be now considered. The defendants should have sought a ruling upon this question by a motion to strike out the testimony, in accordance with the conditions upon which it was received, and to which the defendants do not appear to have objected. We do not intend to indicate our approval of the practice, but the case presents nothing for our decision in this connection."

In Ambuehl v. Matthews, 41 Minn. 537, 539, 43 N. W. 477, the court stated:

"On the trial defendant objected to some of the evidence offered by the plaintiff, but the court, presumably by consent of parties, reserved its decision, and received the evidence subject to objection, and finally decided the case as if all the evidence had been admitted, but without formally ruling on the objections. As to the course which defendant should have pursued had he wished to avail himself of his objections, see Bitzer v. Bobo, 39 Minn. 18, 38 N. W. 609; Herrick v. Morrill, 37 Minn. 250, 33 N. W. 849, 5 A. S. R. 841. We must therefore assume that all the questions covered by the findings

of the court and supported by the evidence were litigated by consent."

In Johanson v. Hoff, 67 Minn. 148, 151, 69 N. W. 705, it was said that the court's "statement that it would so receive them [subject to the objection] amounted to nothing more than taking counsel's objection under advisement." No ruling was ever made, and the conclusion was that the evidence was not in the case.

In Lancashire Ins. Co. v. Callahan, 68 Minn. 277, 279, 71 N. W. 261, 64 A. S. R. 475, evidence was received subject to an objection, and this court said:

"This was insufficient to enable the defendant to raise any question as to competency or admissibility of the evidence. The defendant should have then and there excepted to. the ruling of the trial court in receiving the evidence subject to objection, or reserved an exception to such ruling as the trial court might make on the objection."

This procedure was involved in Hogan v. Vinje, 88 Minn. 499, 93 N. W. 523, but the discussion was from another angle.

In Naas v. Welter, 92 Minn. 404, 100 N. W. 211, it was held that the failure to rule could not be raised in this court without an application first having been made to the trial court. The evidence was considered as not in the case.

Evidence so taken under advisement may be received inferentially and indirectly. Stitt v. Rat Portage Lbr. Co. 98 Minn. 52, 55, 107 N. W. 824, wherein the court said:

"If the defendant, whose objection is in effect taken under advisement by the court, desires to raise the question as to the admissibility of such evidence, he must request the ruling of the court; if he fails so to do he cannot on appeal avail himself of error by the trial court."

It was also stated in the Stitt case that the "settled rule" in this state is that the appellant has the burden of getting a ruling and having it appear in the settled case. It is interesting also to note that in the Stitt case the evidence was first received subject to the

objection, and when plaintiff rested the defendants moved to strike out the evidence. The motion was denied and it was held that the ruling on the motion was in effect also a ruling on the motion to exclude. The court said [98 Minn. 54]:

"The result was that the testimony which had theretofore been received 'subject to the objection' was at that time [when motion was denied] ruled into the case, and became a part of it, making it effective as evidence in the case."

This amounts to a positive declaration that when the evidence was received subject to the objection it was taken under advisement and was not yet in the case.

In State ex rel. Village of Delano v. G. N. Ry. Co. 114 Minn. 293, 131 N. W. 330, the evidence was so received, an exception noted, and the court considered the evidence. This court considered the assignment of error and held that the evidence was erroneously received, and said [114 Minn. 297]:

"The rule laid down in Hogan v. Vinje, 88 Minn. 499, 93 N. W. 523, does not apply. In that case the objectionable evidence was received subject to objection, and was subsequently eliminated from the case by the court, and not considered. In the case at bar the records were received subject to the objection, an exception noted in defendant's favor, and the evidence was subsequently considered by the court."

The other cases hereinbefore cited were not called to the attention of the court.

In Gourd v. County of Morrison, 118 Minn. 294, 299, 136 N. W. 874, this court said:

"The rule is that, where evidence is admitted subject to a future ruling as to its admissibility, the objecting party must renew his objection at the proper time and secure a ruling, and the record on appeal must show how the question was finally disposed of. 3 Dunnell, Minn. Dig. § 9737. Furthermore, to warrant a review here, the ruling of the trial court, or its refusal to rule, on objections to the admissibility of evidence, either must be excepted to at the trial,

or the point must be assigned as error on a motion for a new trial; such objections are not presentable for the first time by assigning error thereon here."

In Grannis v. Hitchcock, 118 Minn. 462, 137 N. W. 186, at the close of the direct testimony of the witness giving the testimony which was so received, defendant's motion to strike the testimony from the record was denied. This court stated [118 Minn. 466]:

"So far as the record shows, this was the only effort of defendant to obtain a ruling of the court after the testimony was received subject to the objection. Treating the denial of this motion to strike out the testimony as a definite and final ruling of the court, it is plain that the error, if error there was, is not before us for review. No exception having been taken to the ruling, defendant could only take advantage of the error by a motion for a new trial in which the ruling was specified as error. No motion for a new trial was made in this case. It follows that the question is not properly before us for decision."

See also State ex rel. Albert Dickinson Co. v. District Court, 139 Minn. 30, 165 N. W. 478. In Ross v. Minnesota Mut. L. Ins. Co. 154 Minn. 186, 191, 191 N. W. 428, 31 A. L. R. 46, the court said:

"It is a well established rule in this state that, if evidence is admitted subject to a future ruling on its admissibility, the party wishing to avail himself thereof should renew his objection at the proper time and secure a ruling thereon." Note however the concurring opinion.

In Lieberman v. Fox, 160 Minn. 449, 450, 200 N. W. 468, it was stated:

"Where in the course of a trial an objection to the reception of certain testimony is interposed and a ruling reserved, the record must show that thereafter the court ruled adversely to appellant, in order to review on appeal an error assigned upon the reception of such testimony."

This conclusion would seem to be grounded on the proposition that the evidence was not in.

In Boyd v. Bruce, 163 Minn. 83, 84, 203 N. W. 456, this court stated:

"It [certain evidence] was 'received subject to rejection.' We construe the ruling to admit the evidence subject to a motion to strike, just as if admitted subject to objection. No motion to strike was made and the evidence is in without error."

This is not consistent with the several cases cited. The authorities on this question were not cited in the briefs.

In Christianson v. National Citizens Bank, 168 Minn. 211, 216, 209 N. W. 899, the court said:

"Defendant assigns as error the fact that the court received evidence subject to objection and thereafter made no ruling thereon. Defendant having made no subsequent application for a ruling, the question sought to be raised cannot be considered."

If the evidence was in, the adverse party's objection ought to be sufficient because he thereby resists its reception. If in, it is in over his objection; and there is no reason to support the rule requiring him to get a ruling, since its reception, if any, is in itself an adverse ruling. The rule therefore indicates the understanding that such evidence is not in.

I am of the opinion that the rule is well settled that where the testimony or an exhibit is received subject to an objection it is not in evidence.

Defendant offered the certificate in evidence. It was never received in evidence. There was no ruling upon the offer. Appellant had to have an adverse ruling before he could urge the matter in this court.

I agree that if a ruling had been procured and embraced in the settled case appellant could ask for a review thereof on an appeal from the judgment only if he had taken an exception thereto upon the trial. Otherwise the question could then be reached only by assigning the ruling as error on a motion for a new trial.

But where the trial is concluded and no ruling ever made upon the reception of the evidence involved in the objection as appears

from the settled case later allowed, the trial court cannot, and presumably does not, consider the evidence which is not in the case. The language of the court in the findings in this case does not necessarily relate to the evidence now under consideration. I do not recognize the finding as a ruling on evidence. That is not the place for such ruling. Appellant's assignment of error based upon this finding is futile for the reason that the certificate is not in evidence.

Holt, J. (concurring).

An appellant cannot proceed in this court on the assumption that evidence which was taken subject to his objection was ultimately retained and considered or was partly or wholly rejected, unless he secures at some time a direct ruling on his objection.

Stone, J. (concurring).

The "Certificate of Attending Physician" was a part of the proofs of loss required from plaintiff as the beneficiary of the policy. It was furnished by plaintiff. Any statement therein contained, by whomsoever made, against the interest of plaintiff is competent as an admission against interest. Therefore the document in question was competent evidence.

The next question is whether it was ruled upon at the trial— whether as evidence it is in or out of the case. No other evidence by defendant was admitted to prove its defense. Therefore when in his findings the trial judge said "that no competent evidence was offered * * * by the defendant to prove a violation of any of the terms of said policy," he could have had nothing in mind other than the certificate of the attending physician. That statement, however misplaced as a matter of practice, was a ruling by the trial judge having the effect of excluding the evidence. I think it was an erroneous ruling. But no exception has been taken to it. The court concludes that because the error was not specified as such on a motion for a new trial we will not review the point here. In that I concur.

The practice of receiving evidence subject to objection and to a subsequent and final ruling is pretty well established. That being

the case, what is the objection, other than that it is not the best practice, to a ruling upon the point in the judge's decision of the case? The question being reserved for decision, why is it not permissible, although not desirable, to have it decided when the rest of the case is decided? I think that is precisely what occurred here. The evidence was received subject to objection but quite explicitly rejected by a ruling which is found in the findings, the final decision of the matter by the trial judge.

The "findings" under our practice are not designed to be the place for rulings on evidence. But there is no prohibition of such use being made of them. It was done here. I think we ought to deal with the fact as we find it. It is not a case like Boyd v. Bruce, 163 Minn. 83, 203 N. W. 456, where, evidence having been received subject to objection, there was no motion to strike and no suggestion in the record of any subsequent ruling. I regard the evidence as "in" because, although subject to objection, it was received and never rejected. Here the findings contain what it seems to me must be construed as an explicit rejection of the evidence in question.

The Chief Justice has demonstrated that our cases as to when evidence received subject to objection and not thereafter explicitly ruled upon as "in" or "out" are in confusion. I submit that the rule should be in substance as follows: Where evidence is received subject to an objection, a motion to strike or any other future ruling rejecting it, it should be considered "in" where no subsequent ruling is made. From the party making it, the original objection should be enough, but he should preserve his exception, where he has not made a motion to strike, through the medium of a new trial. The party offering it should do the same if it satisfactorily appears (as I think it does here) from the record that before submission to the jury or in the charge, or, where there is no jury, before or in the decision, the evidence is definitely rejected.

DIBELL, J. (dissenting).

I think the evidence was in. I do not think that the finding is a ruling, excluding it. It is a settled case, not findings, which shows what occurred at the trial, including rulings. If the evidence was

in there is a review on appeal from the judgment though there was no motion for a new trial.