ALBERT J. JOHNSON v. AXEL HANSON.[1]

June 12, 1936.

No. 30,846.

[1]Reported in 267 N. W. 486.

*Fosnes & Rolloff,* for appellant.
*T. O. Gilbert,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action to cancel note and to set aside mortgage given to secure it.

On March 25, 1931, one Lars Urdal was indebted to the defendant in the sum of $1,000. This indebtedness was of many years' standing. On that day Urdal executed a new note, and plaintiff's ward, Christine Birkeland, and one C. A. Thorpe signed as sureties thereon. In March, 1932, when the note which Christine Birkeland had signed as surety became due, defendant went to see her and told her that he would give her until the following Monday to settle the matter and give him security. On the following Monday, March 28, Urdal and Miss Birkeland went to the office of an attorney in the city of Willmar, where the note and mortgage in question were executed. The mortgage covered a dwelling house in Willmar which the defendant had occupied as Miss Birkeland's tenant for nine years. Miss Birkeland lived on Urdal's farm, where she had acted as his housekeeper for a period of 30 years.

The cause came to trial before the court without a jury. The court found for plaintiff. From an order denying his motion for a new trial defendant appeals.

Two questions are presented:

(1) Does the court's finding that Christine Birkeland was incompetent to understand the nature of business transactions at the time of the signing of the notes and mortgage hereinbefore mentioned have sufficient support in the record?

(2) Did the court err in regard to allowing nonexpert witnesses to testify as to the incompetency of Christine Birkeland?

■ The record is such that the court's finding that Miss Birkeland was incompetent to understand the nature of business transactions cannot be disturbed for lack of evidence to support it. There is ample testimony to the effect that she never personally transacted business of any kind, and that prior to the time of the signing of the notes and mortgage hereinbefore mentioned she had never signed a note or a mortgage. The property mortgaged was handled by one C. C. Birkeland, who took care of all bills, collected the rent, and did all else necessary of a business nature. After an illness, due to her becoming "overheated" in 1928, Miss Birkeland suffered a marked change, physically and mentally. She became hard of hearing, absent-minded, and confused in her manner of speaking. There is testimony indicating that her speech was not entirely coherent. In June, 1932, a few months after the execution of the last note and the mortgage, Miss Birkeland was duly adjudged incompetent by a court of competent jurisdiction, and plaintiff was appointed her guardian. In order to prove incompetency at the time of a particular transaction it is proper to show a subsequent adjudication of incompetency. Thus in McAllister v. Rowland, 124 Minn. 27, 31, 144 N. W. 412, 413, Ann. Cas. 1915B, 1006, this court said:

"A finding of incompetency in guardianship proceedings, or in proceedings upon a writ of *de lunatico inquirendo,* for which the guardianship proceedings are the modern equivalent, is admissible as evidence of the mental condition of the person at the time covered by such finding, notwithstanding that the parties to the litigation are different, and notwithstanding the hearsay rule.

"Whether the person's mental condition at the time covered by the finding is evidence of his mental condition at a prior time would seem logically to be a question of the probative force or weight of the evidence, or its tendency to prove the fact in issue. It is difficult to see why the evidence should stand on any different footing than does the oral evidence of witnesses to prove the mental condition of the testator at a time after the will is made, and * * * the rule is uniform that such evidence may be received."

The probative value of evidence of such an adjudication depends on its proximity in point of time to the transaction or transactions in question. Here Miss Birkeland was adjudged incompetent a year and a few months after signing the first note as surety and only a few months after the signing of the second note and the mortgage. Disregarding entirely the opinions by the nonexperts and lay witnesses, the state of the record is such that this court would not be justified in disturbing the court's decision were the only question that of sufficiency of the evidence.

■ It is well settled in this state that a nonexpert or lay witness must first disclose the facts upon which his opinion is based before he can be allowed to express an opinion on mental capacity. In re Pinney, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; Collins v. Dowlan, 118 Minn. 214, 136 N. W. 854. In this case the court allowed C. M. Johnson, Miss Birkeland's nephew, to express an opinion. He was not an expert witness. The question was objected to by defendant's attorney on the ground that no proper foundation had been laid. The court allowed the witness to answer, reserving the ruling on the objection. A search of the record has failed to disclose any ruling on this whatsoever. This oversight on the part of the court prevents us from sustaining the decision. The witness had not stated sufficient facts on which to base an opinion as to Miss Birkeland's mental state. True, he had testified as to her illness and as to her unfamiliarity with business transactions; also as to her being absent-minded. No other positive facts were given as a basis for his opinion although ample facts detailing Miss Birkeland's conduct must have been known to the witness and have been available in this examination. The facts elicited we do not deem a sufficient compliance with the above rule. Had the objection been sustained or the answer stricken, the court's decision could have been sustained on the ground hereinbefore stated. To allow the witness to answer without stronger foundation was clearly error. Nor can we say that it was harmless error. It is true that where a court sits as a trier of fact a greater latitude is allowed in the admission and exclusion of evidence. It is also true that where erroneous evidence of a prejudicial nature is admitted

500

by the court sitting without a jury and the decision of the court favors the party benefited by such evidence, its admission will be regarded as harmless error if, on the basis of the other evidence, the same decision would be required of the court had it been excluded. Fowlds v. Evans, 60 Minn. 513, 63 N. W. 102; I. L. Elwood Mfg. Co. v. Betcher, 72 Minn. 103, 75 N. W. 113. Where, however, as here, the state of the record is such that the court could well have found for either party, admission of erroneous testimony of a prejudicial nature is reversible error. Farmers' Union Elev. Co. v. Syndicate Ins. Co. 40 Minn. 152, 41 N. W. 547; Lowry v. Harris, 12 Minn. 166 (255).

As has been stated, the testimony was taken subject to objection, and no ruling thereon was made. Defendant noted an exception. The question of the effect of this practice has not been heretofore stated with certitude. The cases have been collected and reviewed in the concurring opinion of Mr. Chief Justice Wilson in Weiss v. John Hancock Mut. L. Ins. Co. 178 Minn. 120, 226 N. W. 516, 517. For purposes of clarification, we feel constrained to state herein the rule of practice to be followed in this court: Where evidence is received subject to an objection or motion to strike and no subsequent ruling is made, the evidence is considered as received over objection. It has the same status as any evidence received over objection without a reservation of the ruling on admissibility. An exception taken at the time it is received is sufficient to preserve the right of review to the objecting party. The exception may also be preserved through the medium of a motion to strike at a subsequent point of time during the trial or in a motion for a new trial.

In this case defendant excepted at the time the testimony was received. Under the above rule, the testimony is "in" the case and its admission is subject to review. It is prejudicial. The facts in the case of Weiss v. John Hancock Mut. L. Ins. Co. 178 Minn. 120, 226 N. W. 516, are substantially different from those in the instant case. There the court found for plaintiff. The evidence was offered by defendant and objected to by plaintiff. It [178 Minn. 122] "was not considered as competent and was not taken into account by the court in reaching a decision." Here the court found for

plaintiff; the testimony was offered by plaintiff and objected to by defendant. This court, having no way of knowing, refuses to speculate as to the extent to which, if any, such testimony affected the trial court's decision. The only remedy is to remand the case for a new trial below.

So ordered.

