# STATE ex rel. VILLAGE OF DELANO v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 22, 1912.

Nos. 17,865—(12).

**Res judicata.**

The former decision in this case (114 Minn. 293), the evidence on both trials being in point of substance the same, followed and applied as the law of the case.

After the former appeal, reported in 114 Minn. 293, 131 N. W. 330, the cause was remanded for a new trial. The case was tried before Giddings, J., who made findings and as conclusion of law ordered that a peremptory writ of mandamus issue directed to defendant Great Northern Railway Company, commanding it to construct at its own cost a safe, suitable, convenient and proper crossing through the embankment and under its tracks at the intersection thereof with Second street, with necessary approaches thereto, ample and sufficient for the safe, suitable, free and convenient passage and travel of the people of Delano and the traveling public; that it thereafter continuously maintain the same, and that the crossing and approaches be constructed and maintained at a width equal to that of the adjacent portions of Second street. From the judgment entered pursuant to the findings, defendant appealed. Reversed.

*Cobb, Wheelwright & Dille,* for appellant.

*F. E. Latham* and *Henry Spindler,* for respondent.

PER CURIAM.

This cause was before us on a former appeal (114 Minn. 293, 131 N. W. 330), where we held that the evidence then before the court was insufficient to justify a finding that the street in question became established as a public highway over and across defendant's right of way by dedication or user, and for certain errors appearing from the record the cause was remanded for a new trial. The question of dedication appears to have been the sole issue on the second trial. The trial court found the question in relator's favor, and ordered judgment for the relief demanded in the complaint. Judgment was entered accordingly and defendant appealed.

A careful examination of the evidence presented on this appeal, discloses no difference in point of substance from that presented on the former trial, and we sustain the contention of appellant that the former decision becomes the law

[1] Reported in 138 N. W. 671.

of the case. Additional evidence was offered by both parties on the last trial, but it was merely cumulative of that on the first trial, and in no proper view changes the situation as respects the issue involved. The evidence taken as a whole presents a case substantially like Village of Benson v. St. Paul, M. & M. Ry. Co. 73 Minn. 481, 76 N. W. 261, where the court held as a matter of law that no dedication of a street over the railroad right of way was shown, and the findings of the court to the contrary were set aside. In their substantial facts the two cases cannot be distinguished. We therefore follow and apply the former decision in the case at bar as the law of the case.

If there be any urgent necessity for a crossing at this point, proceedings to extend the street would seem the most appropriate remedy. State v. St. Paul, M. & M. Ry. Co. 98 Minn. 380, 108 N. W. 261.

Judgment reversed.